## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALEXANDRA GUILLOU, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. CIV-17-988-HE |
| | ) | |
| BOARD OF REGENTS FOR THE | ) | |
| OKLAHOMA AGRICULTURAL | ) | |
| AND MECHANICAL COLLEGES; | ) | |
| STATE OF OKLAHOMA ex rel. | ) | |
| OKLAHOMA STATE UNIVERSITY; | ) | |
| ST. MATTHEWS UNIVERSITY, INC.; | ) | |
| LUCINDA KERSHAW; | ) | |
| DR. DANIEL BURBA; | ) | |
| DR. CHRIS ROSS; and | ) | |
| DR. MARGI GILMOUR, | ) | |
| | ) | |
| Defendants. | ) | |

## MOTION TO DISMISS OF DEFENDANTS,
## LUCINDA KERSHAW, DR. DANIEL BURBA,
## DR. CHRIS ROSS AND DR. MARGI GILMOUR,
## COMBINED WITH BRIEF IN SUPPORT OF MOTION

### I. MOTION TO DISMISS

Defendants, Lucinda Kershaw, Dr. Daniel Burba, Dr. Chris Ross and Dr. Margi

Gilmour (the "Individual Defendants"), pursuant to Rule 12(b)(6) of the Federal Rules of

Civil Procedure, move to dismiss the single claim asserted against them in the Sixth Cause

of Action of Plaintiff's Complaint, a claim for intentional infliction of emotional distress,

for the reason that the Complaint fails to state a claim upon which relief can be granted.

1

## II. BRIEF IN SUPPORT OF MOTION

### A. Allegations in the Complaint

The Complaint states that Plaintiff enrolled in the veterinary medical program at St. Matthews University ("SMU") located in the Cayman Islands beginning in 2011. (Complaint, ¶¶14-15).  It asserts that after Plaintiff completed her classroom work at SMU, she was to begin clinical  rotations at Oklahoma State University (OSU), an affiliate of St. Matthews University. (Complaint, ¶16).

The Complaint identifies these four individual Defendants as follows:

1.      Lucinda Kershaw as an Administrator of OSU's Center for Veterinary Health Services (CVHS). (Complaint, ¶4);

2.      Dr. Daniel Burba as CVHS Interim Department Head;

3.      Dr. Chris Ross as Interim Department Head; and

4.      Dr. Margi Gilmour as Interim Associate Dean. (Complaint, ¶¶4-7).

As to each of the Individual Defendants, Plaintiff makes the following allegations:

Lucinda Kershaw and Dr. Burba:

•      Shortly after arriving in Stillwater, Oklahoma, Plaintiff contends that she developed a medical problem that required her to go on medical leave. She asserts that unnamed "OSU administrators" required her to meet with Dr. Burba and Ms. Kershaw in connection with her request for a medical leave. (Complaint, ¶¶18-19).

2

- At this meeting, Plaintiff alleges that felt she was being interrogated and that Ms. Kershaw told her that "we typically don't have students do this" and "we talked to St. Matthews about you."

- Dr. Burba told her that he was "appalled" that she asked Ms. Kershaw what Ms. Kershaw had discussed with St. Matthews University. (Complaint, ¶20).

- Dr. Burba and Ms. Kershaw failed to direct plaintiff to the OSU Student Disability Services where she believes her medical information could be kept private.

- Her medical leave was approved. (Complaint, ¶21, 24).

- While Plaintiff was on medical leave, Ms. Kershaw called and left her a voicemail reminding her to return certain property. She agrees that the message left by Ms. Kershaw was brief and polite (Complaint, ¶25).

- After leaving the message, Ms. Kershaw failed to disconnect the call. Plaintiff's voicemail recorded a further conversation among several people, including Ms. Kershaw, who allegedly spoke mockingly about Plaintiff. (Complaint, ¶¶25-29).

- Upon listening to that conversation, Plaintiff "felt violated, unsafe and discriminated against." (Complaint, ¶30).

- The location of Ms. Kershaw's office was such that Plaintiff felt that other people may have overhead the conversation (Complaint, ¶32).

3

Dr. Gilmour:

- After listening to the voicemail, Plaintiff contacted Dr. Gilmour to tell her what she had heard on the recording. She asserts that Dr. Gilmour was dismissive of her concerns. (Complaint, ¶31).

- Dr. Gilmour trivialized Plaintiff's concerns and told her that "you are really going to cause a problem for yourself if you decide to do something" and "the veterinary field isn't that big." (Complaint, ¶33).

Dr. Ross:

- On October 20, 2016, Plaintiff states that she met with two representatives of OSU's Office of Equal Opportunity and Dr. Ross. She asserts that  these officials refused to allow her to file a complaint and informed her that she would not be "privy" to the investigation.

- The officials refused to remove Ms. Kershaw from overseeing Plaintiff's files. (Complaint, ¶38).

- Dr. Ross emailed Plaintiff while she was on leave, to which she did not reply, since she believed she had no obligation to respond to the email. (Complaint, ¶45).

- Dr. Ross contacted Plaintiff's mother on or about February 15, 2017, saying he was looking for her; Plaintiff's mother informed him that Plaintiff was residing in Stillwater. (Complaint, ¶48).

4

Based upon these factual averments, Plaintiff asserts a claim for intentional infliction of emotional distress. As to each of the Individual Defendants, the Sixth Cause of Action in the Complaint makes the following assertions:

1.   Dr. Burba presided over a meeting at which Plaintiff "endured stressful interrogatory questioning" (¶115);

2.   Ms. Kershaw was overheard on the voicemail recording saying she would "get rid of" Plaintiff, who was acting "worse than a 5-year-old" (¶116);

3.   Dr. Gilmour told plaintiff that her complaining would "cause problems for herself;" (¶117) and

4.   Dr. Ross ignored Plaintiff's harassment claim and arranged for someone to contact Plaintiff's mother (¶118).

## B.   Argument and Authorities

## Proposition 1

## Legal Standard for Determining Sufficiency of the Complaint

The United States Supreme Court has made it clear that, to withstand a legal challenge under Rule 12(b)(6), a pleading must contain "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 556 (2007).

The Supreme Court expressly disavowed the pleading standard from *Conley v. Gibson,* 355 U.S. 41 (1957) ("a complaint should not be dismissed for failure to state a claim

unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." 355 U.S. at 45-46)–declaring that "this famous observation has earned its retirement." *Twombly*, 550 U.S. at 563.

This Court has summarized the current standards for determining whether the allegations made by Plaintiff are sufficient to withstand a Motion to Dismiss:

> Fed. R. Civ. P. 12(b)(6) permits a court to dismiss a claim when a party fails "to state a claim upon which relief can be granted." When considering whether the plaintiff's claims should be dismissed under Rule 12(b)(6), the court accepts all well-pleaded factual allegations as true and views them in the light most favorable to the plaintiff, the nonmoving party. Peterson v. Grisham, 594 F.3d 723, 727 (10th Cir. 2010). A claim will be dismissed if "the complaint does not contain enough facts to state a claim to relief that is plausible on its face." Anderson v. Suiters, 499 F.3d 1228, 1232 (10th Cir. 2007) (internal quotations omitted). "'[T]he mere metaphysical possibility that some plaintiff could prove some set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for these claims.'" Id. (quoting Ridge at Red Hawk, L.L.C. v. Schneider, 493 F.3d 1174, 1177 (10th Cir. 2007)).

*Peoples Elec. Coop. v. Western Farmers Elec. Coop.*, 746 F. Supp. 2d 1202, 1204 (W.D. Okla. 2010) (Heaton, J.).

## Proposition 2

### Law Applicable to Claims for Intentional Infliction of Emotional Distress

Oklahoma first recognized intentional infliction of emotional distress as an independent tort in *Breeden v. League Services Corp.*, 1978 OK 27, 575 P.2d 1374. In

*Breeden*, the Oklahoma Supreme Court held that this cause of action is governed by the narrow standards articulated in the Restatement (Second) of Torts, §46.  *Id*. at 1376. To recover damages for intentional infliction of emotional distress a plaintiff must prove:

> (1) the defendant acted intentionally or recklessly;

> (2) the defendant's conduct was extreme and outrageous;

> (3) the defendant's conduct caused the plaintiff emotional distress; and

> (4) the emotional distress was severe.

*Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1387 (10th Cir. 1991) (applying Oklahoma law); *Computer Publishing, Inc. v. Welton*, 2002 OK 50, ¶ 7, 49 P.3d 732, 735 (Okla. 2002).

Element 1:

The commentary to Restatement § 46 explains that the "recklessness" component in the first element is shown by actions that are in "deliberate disregard of a high degree of probability that the emotional distress will follow." Restatement (Second), Torts §46 Cmt.i.

Element 2:

The second element of the tort requires proof that the tortfeasor's conduct was "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as **atrocious, and utterly intolerable** in a civilized community." *Kraszewski v. Baptist Med. Ctr. of Okla., Inc.*, 1996 OK 141, ¶ 15, 916 P.2d 241, 248 n.25 (emphasis supplied).  Anything less than such "atrocious and utterly intolerable" conduct will

7

not give rise to an actionable claim.  "There is simply no room in the framework of our society for permitting one party to sue on the event of every intrusion into the psychic tranquility of an individual."  *Munley v. ISC Financial House Inc.*, 1978 OK 123, ¶ 9, 584 P.2d 1336, 1338.

<u>Element 3:</u>

The third element of an emotional distress claim requires proof that the tortfeasor's conduct caused the plaintiff's emotional distress. *Computer Publishing*, 2002 OK 50, ¶ 7, 49 P.3d at 735.

<u>Element 4:</u>

The fourth and final element requires proof that the plaintiff's emotional distress was "so severe that **no reasonable [person] could be expected to endure it.**" *Computer Publishing*, 49 P.3d at 736 (quoting *Breeden*, 575 P.2d at 1377 n.6) (emphasis supplied).

The United States Court of Appeals for the Tenth Circuit has emphasized that there are very limited factual circumstances which will support a claim for intentional infliction of emotional distress. "Nothing short of 'extraordinary transgressions of the bounds of civility' will give rise to liability for intentional infliction of emotional distress." *Starr v. Pearle Vision*, 54 F.3d 1548, 1558 (10th Cir. 1995).  As the Oklahoma Supreme Court has held, "a plaintiff must prove that the recitation of defendant's conduct to an average member of the community would arouse the listener's resentment against the defendant and would lead the listener to exclaim 'Outrageous!'" *Computer Publications, Inc. v. Welton*, 2002 OK

50, ¶ 9, 49 P.3d 732, 735.

Applying these rigorous standards, the United States Court of Appeals for the Tenth Circuit has held that an employee's supervisor's actions in "harshly criticizing him, yelling at him, cursing at him on one occasion" would not give rise to an actionable claim for intentional infliction of emotional distress. *Merrick v. Northern Natural Gas Co.*, 911 F.2d 426, 433 (10th Cir. 1990).

Likewise, in *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1388 (10th Cir. 1991), the Court upheld the dismissal of the plaintiff's claim that his employer inflicted severe emotional distress by "impugning his integrity by accusing him of criminal acts, . . . requiring him to take a polygraph . . . [and] subjecting him to ridicule and other abusive treatment at [company] seminars."

## Application of the Law to the Facts Alleged in the Complaint

The United States Court of Appeals for the Tenth Circuit has held that, when analyzing the allegations made in a complaint in support of a cause of action for intentional infliction of emotional distress, the District Court is to act as a "gatekeeper" to determine whether sufficient allegations have been made to allow such a claim to proceed forward.

> Under Oklahoma law the trial court must assume a gatekeeper role with respect to intentional infliction of emotional distress claims by making a threshold legal determination that the defendant's conduct may reasonably be regarded as sufficiently extreme and outrageous to meet the Restatement § 46 standards.

*Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 856 n.7 (10th Cir. 2005).

9

The allegations in the Complaint fall woefully short of the standards established by Oklahoma law.  Accepting all of the factual allegations as true for purposes of this motion, the Complaint merely asserts that

    a.    Plaintiff was "harshly questioned" by Dr. Burba and Ms. Kershaw;

    b.    Ms. Kershaw made mocking comments concerning Plaintiff to co-workers but not to Plaintiff herself;

    c.    Dr. Gilmour trivialized Plaintiff's concerns and warned her not to press her complaints;

    d.    Members of OSU's Office of Equal Opportunity and Dr. Ross would not allow her to file a complaint; and

    d.    Dr. Ross sent an email to Plaintiff (to which Plaintiff failed to respond) and called Plaintiff's mother, inquiring about Plaintiff.

These allegations, even if true, do not support a claim for intentional infliction of emotional distress. "Liability for the tort of outrage does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. . . . Not every abusive outburst or offensive verbal encounter may be converted into a tort." *Eddy v. Brown*, 1986 OK 3, ¶ 7, 715 P.2d 74, 77.

This Court has addressed the type of factual allegations that must be alleged in a complaint to overcome a motion to dismiss a claim for intentional infliction of emotional distress. *See  Erickson v. Indep. Sch. Dist. No. 1-41*, 2016 U.S. Dist. LEXIS 162506 (W.D.

Okl. 2016) (Heaton, J.). Ms. Erickson alleged that she had been subjected to intentional infliction of emotional distress based on her assertion that Defendant Kitchen "assaulted" her in meetings by raising his voice, pointing his finger, gesturing, leaving the door open so others could hear and allowing witnesses to be present at the meeting.

In granting Defendant Kitchen's motion to dismiss the claim of intentional infliction of emotional distress contained in Plaintiff's Amended Complaint, this Court stated:

> And the allegations supporting the intentional infliction claim do not come remotely close to making out that tort. Intentional infliction of emotional distress requires a showing that the conduct at issue is extreme and outrageous. *See* Computer Publs. Inc. v. Welton 2002 OK 50, 49 P.3d 732,735 (Okla, 2002). Plaintiff's allegations fall well short of pleading that level of conduct.

Similarly, the Complaint in this case  does not come close to making the factual allegations required to support a claim for intentional infliction of emotional distress. At best, Plaintiff asserts:

•   that Defendants Kershaw and Burba were rude and unprofessional to her in a meeting about her request for medical leave (although the leave was granted);

•   that  Defendant Kershaw made disparaging comments about her to co-workers (but not addressed to or in the presence of Plaintiff);

•   that Plaintiff felt that other people may have overheard the comments attributed to Defendant Kershaw;

•   that Defendant Gilmour trivialized Plaintiff's concerns about Defendant Kershaw's

11

comments to co-workers; and

•     Defendant Ross did not take her claims seriously.

Applying the law outlined above to the allegations in the Complaint leads to the conclusion that those allegations "fall well short of pleading that level of conduct" necessary to overcome a motion to dismiss.   Accordingly, the Court should exercise its gate keeping role and dismiss the only claim asserted against the Individual Defendants in the Sixth Cause of Action.

Dated this 4th day of December, 2017.

 _/s/ Margaret McMorrow-Love_         
Margaret McMorrow-Love, OBA No. 5538
John J. Love, OBA No. 5536
The Love Law Firm
228 Robert S. Kerr, Suite 540
Oklahoma City, Oklahoma 73102
405-235-3848
mml@lovelawfirm.legal
**Attorney for Defendants Lucinda Kershaw,
Dr. Daniel Burba, Dr. Chris Ross and
Dr. Margi Gilmour**

## <u>CERTIFICATE OF SERVICE</u>

I certify that on December 4, 2017, the forgoing pleading was electronically filed with the Clerk of the Court using the ECF System for filing and service to all counsel of record via the ECF System:

| | |
|---|---|
| R. Jack Freeman | jfreeman@grahamfreeman.com |
| Jason J. Bach | jbach@bachlawfirm.com |
| Clinton W. Pratt | clint.pratt@okstate.edu |
| Stephen R. Stephens | steve.stevens@okstate.edu |
| Courtney K. Warmington | cwarmington@fullertubb.com |
| J. Jeremy Tubb | jeremy.tubb@fullertubb.com |
| Kimberly F. Williams | kwilliams@lockelord.com |
| Sean W. Kilian | skillian@lockelord.com |
| Tiffany J. Wythe | tiffany.wythe@fullertubb.com |

*/s/ Margaret McMorrow-Love*
Margaret McMorrow-Love