## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEXANDRA GUILLOU, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. CIV-17-988-HE |
| | ) |
| BOARD OF REGENTS FOR THE | ) |
| OKLAHOMA AGRICULTURAL | ) |
| AND MECHANICAL COLLEGES; | ) |
| STATE OF OKLAHOMA ex rel. | ) |
| OKLAHOMA STATE UNIVERSITY; | ) |
| ST. MATTHEWS UNIVERSITY, INC.; | ) |
| LUCINDA KERSHAW; | ) |
| DR. DANIEL BURBA; | ) |
| DR. CHRIS ROSS; and | ) |
| DR. MARGI GILMOUR, | ) |
| | ) |
| Defendants. | ) |

### REPLY BRIEF IN SUPPORT OF
### MOTION TO DISMISS OF DEFENDANTS,
### LUCINDA KERSHAW, DR. DANIEL BURBA,
### DR. CHRIS ROSS AND DR. MARGI GILMOUR

This Reply Brief is submitted on behalf of Defendants, Lucinda Kershaw, Dr. Daniel Burba, Dr. Chris Ross and Dr. Margi Gilmour, in support of their Motion to Dismiss the single claim asserted against them in the Plaintiff's Complaint, a claim for intentional infliction of emotional distress. Plaintiff's response (Dkt. 37) failed to set forth a basis for denial of the Motion. Specifically, in considering this Motion, the Court should look to the allegations in the Complaint, not the Plaintiff's characterization of those allegations. The

1

allegations in Plaintiff's Complaint fall well short of what is required to make out a claim for intentional infliction of emotional distress (IIED) under Oklahoma law.

Oklahoma recognized IIED as an actionable tort in *Breeden v. League Services Corp.*, 1978 OK 27, 575 P.2d 1374.  The Supreme Court held that a plaintiff must allege and prove the following four elements in order to make out such a claim:

(1) defendant acted intentionally or recklessly;

(2) defendant's conduct was extreme and outrageous;

(3) defendant's conduct caused the plaintiff emotional distress; and

(4) the emotional distress was severe.

Significantly, because of "the fear of fictitious and or trivial claims" the Supreme Court charged Oklahoma courts with the responsibility of ensuring that only "extreme and outrageous" claims could proceed forward.  "The court, in the first instance, must determine whether the defendant's conduct may reasonably be regarded so extreme and outrageous as to permit recovery. . . ." *Breeden v. League Servs. Corp.*, 1978 OK 27, ¶ 12, 575 P.2d 1374, 1377.

The cases analyzing the IIED tort have made it clear that the Plaintiff must establish that the actions of the Defendant were "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as **atrocious, and utterly intolerable** in a civilized community." *Kraszewski v. Baptist Med. Ctr. of Okla., Inc.*, 1996 OK 141, ¶ 15, 916 P.2d 241, 248 n.25 (emphasis supplied).  Further, Plaintiff must show that

her emotional distress was "so severe that **no reasonable [person] could be expected to endure it.**" *Computer Publishing, Inc. v. Welton*, 2002 OK 50, ¶ 13, 49 P.3d 732, 736 (Emphasis supplied).

The determination of whether the facts alleged are sufficient to support a claim for IIED has been characterized by the Tenth Circuit Court of Appeals as a "gatekeeping" function of the District Court. "Under Oklahoma law the trial court must assume a gatekeeper role with respect to intentional infliction of emotional distress claims. . ." *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 856 n.7 (10th Cir. 2005).

**1.     The Court Should Look to the Four Corners of the Complaint,
         Not to the Plaintiff's Characterization of the Complaint in Determining
         Whether a Cognizable Claim for IIED has Been Made**

In her Response to the Motion to Dismiss, Plaintiff mischaracterized the allegations contained in her Complaint. For example, Plaintiff claims that Dr. Gilmour "launched an attack" on her. However, the Complaint alleges that Dr. Gilmour only said that she told Plaintiff that she was "going to cause a problem for yourself" (Complaint, ¶33). Similarly, Plaintiff's Response asserts that Dr. Ross "harnessed the power of the police to threaten and harass" Plaintiff. However, the allegations of the Complaint contain no such averment, but rather only assert that an unidentified employee of OSU asked the police to check on Plaintiff's welfare (Complaint, ¶49).

In considering a Motion to Dismiss, "the Court considers and construes as true only 'plausible, non-conclusory, and non-speculative' allegations in the Complaint." De La Paz

3

v. DBS Mfg., 2008 U.S. Dist. LEXIS 43885, 2008 WL 2329126 (W.D. Okla. 2008), citing Dudnikov v. Chalk & Vermilion Fine Arts, Inc., 514 F.3d 1063, 1070 (10th Cir. 2008). *See also* Doyle v. Oklahoma Bar Ass'n, 998 F.2d 1559, 1566 (10th Cir. 1993) (in reviewing an order granting a motion to dismiss, the Court of Appeals "confines [its] review to the allegations of the complaint").

In Jojola v. Chavez, 55 F.3d 488 (10th Cir. 1995), the Tenth Circuit considered a Plaintiff's attempt to cure the deficiencies in his complaint by raising new factual issues on appeal. The Court of Appeals rejected this approach, holding that "it is well-established, however, that in determining whether to grant a motion to dismiss, the district court, and consequently this court, are limited to assessing the legal sufficiency of the allegations contained **within the four corners** of the complaint." 55 F.3d at 494 (emphasis supplied.)

Accordingly, the Court should disregard Plaintiff's characterization of the allegations in her Complaint, and instead determine the Motion to Dismiss based solely upon what is contained within the four corners of that pleading.

**2.    The Allegations in the Complaint Fall Short of What is Required
       To Assert a Legally Cognizable Claim for IIED**

In determining whether the Complaint asserted facts sufficient to support an actionable claim for IIED under Oklahoma law, the Court should compare those allegations with the facts which have been held legally insufficient to make out such a claim, in published opinions of the Tenth Circuit Court of Appeals, the Oklahoma Supreme Court and the Oklahoma Court of Civil Appeals. Specifically, the following cases have held that the

4

facts alleged were insufficient to support a claim for intentional infliction of emotional distress:

- Defendant called Plaintiff derogatory names based on his national origin; compelled him to terminate his subordinates because of their national origin; impugned his integrity by accusing him of criminal acts and required him to take a polygraph; and subjected him to ridicule and other abusive treatment. *Daemi v. Church's Fried Chicken, Inc.*, 931 F.2d 1379, 1388 (10th Cir. 1991).

- Defendant harshly criticized Plaintiff, yelled at him and cursed at him on one occasion. *Merrick v. N. Nat. Gas Co., Div. of Enron Corp.*, 911 F.2d 426, 433 (10th Cir. 1990).

- Defendant questioned Plaintiff in her small office, accused her of theft and embezzlement, yelled at her, touched her on the arm, and pushed her back down in her chair. *Starr v. Pearle Vision*, 54 F.3d 1548, 1551 (10th Cir. 1995).

- Defendants mimicked and ridiculed Plaintiff behind his back after directing him to read a safety bulletin aloud to his co-workers when they knew his speech was impaired, and commented that he had done a stupid thing when, in an effort to stop a kitchen blender, he stuck his hand between its blades and received severe cuts. *Eddy v. Brown*, 1986 OK 3, ¶ 4, 715 P.2d 74, 76.

- "Continual intimidation that one must engage in sexual activity to do one's job

and racial slurring" is not such that no reasonable person could be expected to endure it. *Anderson v. Okla. Temp. Servs.*, 1996 OK CIV APP 90, ¶ 4, 925 P.2d 574, 575-76.

- Defendant loudly berated Plaintiff and made derogatory sexual comments about his fiancee. *Mirzaie v. Smith Cogeneration, Inc*., 1998 OK CIV APP 123, ¶ 19, 962 P.2d 678, 682.

As set forth in greater detail in Defendants' Motion to Dismiss, the facts alleged in the Complaint are less egregious than those which the above-cited opinions have held to be legally insufficient to support a claim for IIED. Even accepting as true the allegations that some of the Defendants "harshly questioned" Plaintiff, made mocking remarks about her and inquired of Plaintiff's mother as to her well-being, such allegations are legally insufficient claim asserted against these Defendants.

Accordingly, Defendants' Motion to Dismiss should be granted and the claim asserted against them for intentional infliction of emotional distress should be dismissed.

Dated this 16th day of January, 2018.

      */s/ John J. Love*
Margaret McMorrow-Love, OBA No. 5538
John J. Love, OBA No. 5536
The Love Law Firm
228 Robert S. Kerr, Suite 540
Oklahoma City, Oklahoma 73102
405-235-3848
jjl@lovelawfirm.legal
**Attorneys for Defendants Lucinda Kershaw, Dr. Daniel Burba, Dr. Chris Ross and Dr. Margi Gilmour**

## CERTIFICATE OF SERVICE

      I certify that on January 16, 2018, the forgoing pleading was electronically filed with the Clerk of the Court using the ECF System for filing and service to all counsel of record via the ECF System:

| | |
|---|---|
| R. Jack Freeman | jfreeman@grahamfreeman.com |
| Jason J. Bach | jbach@bachlawfirm.com |
| Clinton W. Pratt | clint.pratt@okstate.edu |
| Stephen R. Stephens | steve.stevens@okstate.edu |
| Courtney K. Warmington | cwarmington@fullertubb.com |
| J. Jeremy Tubb | jeremy.tubb@fullertubb.com |
| Kimberly F. Williams | kwilliams@lockelord.com |
| Sean W. Kilian | skillian@lockelord.com |
| Tiffany J. Wythe | tiffany.wythe@fullertubb.com |

                                            */s/ John J. Love*
                                            John J. Love