IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALEXANDRA GUILLOU, | § | |
| Plaintiff, | § | |
| vs. | § | NO. CIV-17-988-HE |
| | § | |
| BOARD OF REGENTS FOR THE | § | |
| OKLAHOMA AGRICULTURAL | § | |
| AND MECHANICAL COLLEGES; | § | |
| STATE OF OKLAHOMA ex rel. | § | |
| OKLAHOMA STATE UNIVERSITY; | § | |
| ST. MATTHEWS UNIVERSITY, INC.; | § | |
| LUCINDA KERSHAW; DR. DANIEL | § | |
| BURBA; DR. CHRIS ROSS; and | § | |
| DR. MARGI GILMOUR | § | |
| | § | |
| Defendants. | § | |

ST. MATTHEW'S UNIVERSITY, INC.'S
REPLY IN SUPPORT OF MOTION TO DISMISS

Defendant St. Matthew's University, Inc. ("SMU") respectfully requests that this Court dismiss each of Plaintiff Alexandra Guillou's ("Plaintiff") causes of action against SMU for failure to state a claim upon which relief can be granted. In support of its Motion ("Motion") (ECF No. 34), and in reply to Plaintiff's Response in Opposition to SMU's Motion ("Response") (ECF No. 39), SMU respectfully shows the Court as follows:

## I. AMERICANS WITH DISABILITIES ACT AND REHABILITATION ACT CLAIMS

**A. Plaintiff's Claims Against SMU under Title II of the ADA Should Be Dismissed.**

In her Response, Plaintiff admits that the Complaint mistakenly asserted causes of action against SMU under Title II of the Americans with Disabilities Act ("ADA"). Resp. at 3-4, n. 1. Accordingly, and in accordance with SMU's Motion, such causes of action should be dismissed.

**B. Plaintiff's Claims Against SMU under the Rehabilitation Act and Title III of the ADA Should Be Dismissed.**

1. <u>Plaintiff's Rehabilitation Act claim should be dismissed because her allegation that SMU receives federal financial assistance is conclusory</u>.

Plaintiff's conclusory allegation that SMU receives federal financial assistance is nothing more than a formulaic recitation of one element of her claim under the Rehabilitation Act. As a result, such claim should be dismissed because it does not state a plausible claim to relief. *See Morman v. Campbell Cty. Mem'l Hosp.*, 632 F. App'x 927, 931 (10th Cir. 2015).

In her Response, Plaintiff argues that she met her pleading burden under FED. R. CIV. P. 12 (b)(6) because SMU is the type of institution that "nearly always" receives federal financial assistance, citing *Ryan v. Shawnee Mission U.S.D. 512*, 416 F. Supp. 2d 1090 (D. Kan. 2006). Resp. at 4. It is true that the court in *Ryan* denied a motion to dismiss on the grounds that it is generally accepted that entities such as the *Ryan* defendant receive federal funds. *Ryan*, 416 F. Supp. 2d at 1097. However, the defendant in *Ryan* was a <u>public school district in Kansas</u>. *Id*. Indeed, the court noted that it might

be "willing to embrace" the argument that the plaintiff failed to adequately allege receipt of federal funds "if it were not quite so obvious" that the defendant received federal funds. *Id*. For purposes of SMU's Motion, the differences between a public school district in Kansas and a private educational institution in the Cayman Islands are manifest; plainly, it does <u>not</u> follow from *Ryan* that Plaintiff met her pleading burden because SMU is the type of entity that typically receives federal funds.[1]

The additional authority offered by Plaintiff is similarly unavailing. For example, in *Johnson by Johnson v. Thompson*, 971 F.2d 1487, 1492 (10th Cir. 1992), the Tenth Circuit reviewed the district court's dismissal of the plaintiff's Rehabilitation Act claim under FED. R. CIV. P. 12(b)(6), but the adequacy of the allegation that the defendant received federal financial assistance was not at issue. Plaintiff also supports her argument by citing *Archut v. Ross Univ. Sch. of Veterinary Med.*, No. CIV.A. 10-1681 MLC, 2012 WL 5867148 (D.N.J. Nov. 19, 2012). However, the court in *Archut* was not asked to decide the adequacy of an allegation that a defendant received federal funds, and as such, the *Archut* case does not advance Plaintiff's argument. Indeed, the plaintiff in *Archut* argued that the defendant was subject to the Rehabilitation Act because it "offers federal financial aid to its students." *Id*. at *5. Tellingly, rather than make such an

---

[1] Plaintiff appears to realize the weakness in characterizing SMU as the type of entity that typically receives federal funds. Interestingly, Plaintiff refers to SMU in her Proposed First Amended Complaint ("Proposed Complaint") as "St. Matthew's University," whereas the Complaint often refers to SMU as "St. Matthew's University, Inc." *Compare* Proposed First Am. Compl. (ECF No. 39-1) at 1, 2, 3 *with* Compl. at 1, 2, 3. Regardless, Plaintiff's omission of "Inc." in the Proposed Complaint does not lend plausibility to her conclusory allegation that SMU receives federal financial assistance.

allegation (because in good faith she cannot), Plaintiff's Complaint relies on the formulaic recitation that SMU "receives federal financial assistance." Compl. ¶ 81.[2]

SMU does not contest the general rule that the Court "accept[s] as true all well-pleaded factual allegations." *Casanova v. Ulibarri*, 595 F.3d 1120, 1124 (10th Cir. 2010). Rather, as set forth above and in the Motion, the conclusory allegation that SMU "receives federal financial assistance" is a formulaic recitation of an element of Plaintiff's claims, not a well-pleaded factual allegation. Compl. ¶ 81. Accordingly, Plaintiff's Rehabilitation Act claims should be dismissed.

   2.   Neither the Rehabilitation Act nor Title III of the ADA apply extraterritorially.

The authorities cited by Plaintiff in the Response do not relieve her from plausibly alleging that SMU's alleged conduct took place in Oklahoma. Accordingly, because Plaintiff failed to plausibly allege conduct by SMU in Oklahoma, and because the Rehabilitation Act and Title III of the ADA do not apply extraterritorially, Plaintiff's claims under such statutes should be dismissed.

Contrary to Plaintiff's argument, SMU is not asking the Court to make an assumption as to whether SMU is subject to the Rehabilitation Act or Title III of the ADA. Resp. at 5. Rather, SMU argues that Plaintiff's allegation (with no factual basis of any kind) that "Defendants' actions took place in the State of Oklahoma, County of Payne," is not plausible as to SMU, especially when read with her specific allegation that SMU has a campus in the Cayman Islands. Compl. ¶¶ 8, 14; *see, e.g.*, *Heaton v. Am.*

---

[2] SMU does not rely on the argument cited by Plaintiff as being rejected in *Mattfeldt-Bancroft v. Univ. of Utah*, No. 2:04 CV 722 DAK, *6 n.1 (D. Utah Jan. 3, 2005).

*Brokers Conduit*, 496 F. App'x 873, 876 (10th Cir. 2012) (dismissal for failure to state claim was proper where claim was "predicated upon conclusory allegations with no supporting factual averments").

In her Response, Plaintiff attempts to distinguish the instant case from *Archut*, 2012 WL 5867148 (holding Rehabilitation Act and Title III of ADA do not apply to extraterritorial conduct of defendant). *See* Resp. at 6. In doing so, Plaintiff assigns some importance to the "*effects*" of the *Archut* defendant's actions for purposes of whether the Rehabilitation Act and Title III of the ADA apply extraterritorially. *Id*. (emphasis added). However, in finding that the Rehabilitation Act and Title III of the ADA do not apply extraterritorially, the *Archut* court explicitly analyzed the defendant's *conduct*, not its effects. *Archut*, 2012 WL 5867148, at *3 ("The extraterritoriality inquiry asks whether a defendant's conduct can violate the statute if performed outside the physical jurisdiction of the United States").

On its face, Plaintiff's Complaint does not plausibly allege conduct by SMU in Oklahoma, and the Court should not excuse this critical failure. Accordingly, Plaintiff's claims under the Rehabilitation Act and Title III of the ADA should be dismissed.

    3.    <u>Plaintiff's "deliberate indifference" claims under the Rehabilitation Act and Title III of the ADA fail for the following reasons</u>.

        i.    *Deliberate indifference is not a cognizable legal theory under Title III of the ADA*.

As stated in SMU's Motion, deliberate indifference is a theory of intentional discrimination through which a plaintiff may recover monetary damages, which are not an available remedy under Title III of the ADA. Mot. at 17. Plaintiff's Response offers

no authority recognizing deliberate indifference as a cognizable legal theory under Title III, nor does Plaintiff otherwise address this portion of SMU's argument. Accordingly, Plaintiff's claim for deliberate indifference under Title III of the ADA should be dismissed.

>        ii.    *Plaintiff fails to allege that SMU had the requisite control over the alleged harassment.*

Plaintiff's deliberate indifference claims under the Rehabilitation Act and Title III of the ADA should be dismissed because Plaintiff fails to allege that SMU had control over the alleged harassment. Moreover, and contrary to Plaintiff's argument, it is unreasonable for the Court to infer such control from the allegations in the Complaint.

Following Supreme Court precedent, courts within the Tenth Circuit require that defendants in deliberate indifference claims have a certain level of control over the alleged harassment. *See Davis v. Monroe County Board of Education*, 526 U.S. 629 (1999); *Dorsey on behalf of J.D. v. Pueblo Sch. Dist. 60*, 215 F. Supp. 3d 1082, 1088-1089 (D. Colo. 2016); *Sutherlin v. Indep. Sch. Dist. No. 40 of Nowata Cty., Okla.*, 960 F. Supp. 2d 1254, 1267 (N.D. Okla. 2013). Indeed, "[d]eliberate indifference makes sense as a theory of direct liability . . . only where the [defendant] has some control over the alleged harassment." *Davis*, 526 U.S. at 644.

Although Plaintiff argues that the standard for her deliberate indifference claims is set by *Gebser v. Lago Vista Independent School Dist.*, 524 U.S. 274 (U.S. 1998), this is a distinction without a difference, as *Gebser* also requires that the defendant have some control over the alleged harassment. Resp. at 8; *see Gebser*, 524 U.S. at 290 (defendant

must have knowledge of discrimination and an official with authority to address discrimination and institute corrective measures must fail to respond).

While conceding that some control is required, Plaintiff asks the Court to infer such control solely from her allegation that SMU and OSU are parties to an affiliation agreement. Resp. at 8-9; Compl. ¶ 3. Accepting Plaintiff's allegation of such an agreement as true for the purposes of SMU's Motion, there is nothing intrinsic in such an agreement that would give SMU control over the alleged harassers, control over the environment in which the alleged harassment occurred, or the authority to take remedial action, and Plaintiff fails to allege such control and authority. Furthermore, the requested inference is undercut by Plaintiff's allegation that SMU students in the OSU CVHS program became "vested with certain rights and responsibilities imparted to all OSU students." Compl. ¶ 3. Plaintiff does not allege that SMU has the authority to take any action with respect to such rights and responsibilities.

For the reasons stated in SMU's Motion and herein, Plaintiff's Complaint does not plead the requisite level of control by SMU to state a claim for deliberate indifference, and it is unreasonable to infer such control from the allegations in the Complaint. Accordingly, Plaintiff's deliberate indifference claims should be dismissed.

> iii.  *Plaintiff's Complaint does not plead her new theory of discrimination through a contractual or other arrangement.*

Plaintiff's Response sets forth a new legal theory that does not appear in her Complaint, namely that SMU discriminated against Plaintiff through a "contractual, licensing or other arrangement" between SMU and OSU. Resp. at 7. However,

Plaintiff's new theory fails to raise her claims, as pleaded, to the level of plausibility necessary to survive SMU's Motion.[3] Moreover, it is improper to raise such theory in response to SMU's Motion.

The authority cited by Plaintiff in support of her theory is easily distinguishable from the instant case. In *Kerr v. Heather Gardens Ass'n*, No. 09-CV-00409-MSK-MJW, 2010 WL 3791484 (D. Colo. Sept. 22, 2010), the defendant, a public entity, contracted for a third party to perform "all of the duties of the [public entity]" at a facility owned by the public entity. *Id*. at *2. As such, the public entity argued that it could not be liable under Title II of the ADA because it delegated its duties to the third party. *Id*. at *6-*7. Plaintiff's Complaint makes no such allegations regarding the nature of alleged affiliation agreement between SMU and OSU, and SMU is not arguing that it is not liable to Plaintiff because it delegated any alleged duties to OSU. As such, *Kerr* is not analogous to the instant case and it cannot cure the deficiencies in Plaintiff's Complaint.

Moreover, *Kerr* it is not a deliberate indifference case, nor is it a case where the court addressed the defendant's alleged actual notice of a violation and failure to institute corrective measures. *See Kerr*, 2010 WL 3791484. In contrast to *Kerr*, Plaintiff does not allege discrimination through contract. Rather, the Complaint explicitly alleges a deliberate indifference theory in that: (1) SMU allegedly "knew about Defendants' campaign of harassment". . . and "failed to do anything;" (2) SMU allegedly "was

---

[3] Alternatively, because Plaintiff (1) failed to plausibly allege that SMU receives federal financial assistance and (2) failed to plausibly allege conduct by SMU that occurred in Oklahoma, dismissal of Plaintiff's deliberate indifference claims is proper without reaching the issue of whether Plaintiff's new theory saves her Complaint.

deliberately indifferent to Ms. Guillou's harassment by Defendants, all in violation of her rights pursuant to the ADA and the [Rehabilitation Act];" and (3) as result of "SMU's deliberate indifference," Plaintiff allegedly suffered damages. Compl. ¶ 84-87.

Accordingly, Plaintiff's reliance on *Kerr* and the related arguments in her Response are an attempt to move the target from deliberate indifference to an entirely new theory. However, such arguments cannot "save [her] deficient Complaint: Plaintiff may not add to or change her claims in a response to a motion to dismiss." *Frey v. Companion Life Ins. Co.*, No. CIV-16-911, 2016 WL 6310788, at *2 (W.D. Okla. Oct. 27, 2016) (quoting *Hale v. Emporia State Univ.*, 2016 WL 917896, at *4 (D. Kan. Mar. 8, 2016)) (internal quotation marks and brackets omitted).

The Court should dismiss Plaintiff's claims as pleaded for the reasons set forth in SMU's Motion and herein. Should the Court do so and should Plaintiff file an amended complaint pleading her theory of discrimination through contract, SMU reserves the right to challenge such amended pleading.

## II. BREACH OF CONTRACT

Plaintiff's breach of contract claim should be dismissed because she does not plausibly allege the existence of a contract between herself and SMU. Indeed, the anti-discrimination statement cited by Plaintiff is too vague to support a breach of contract claim. Compl. ¶ 95; Resp. at 11.

The anti-discrimination statement's vagueness is apparent when compared with the statement in *Black v. Baker Oil Tools, Inc.*, 107 F.3d 1457 (10th Cir. 1997). In *Black*, the Tenth Circuit found the promise that "[a]ll relations and decisions pertaining to

employment ... [and] terminations ... will be executed without regard to ... physical ... handicap" could create an implied contract because it imposed a "substantive restriction" on the <u>employer's</u> ability to terminate employees.  *Id*. at 1462.  In contrast, the anti-discrimination statement cited by Plaintiff is much less specific in that it does not identify the parties that shall not subject persons to discrimination.

The anti-discrimination statement is too vague to form a contract.  Accordingly, Plaintiff's breach of contract claim should be dismissed.

### III.  BREACH OF COVENANT OF GOOD FAITH AND FAIR DEALING

Contrary to Plaintiff's argument, SMU moves for dismissal of both the contract and tort theories of liability in claims for breach of covenant of good faith and fair dealing.  Resp. at 12; *see* Mot. at 22.  Plaintiff's claims should be dismissed in accordance with the arguments set forth in SMU's Motion.

### IV.  CONCLUSION

As a matter of law, the allegations in the Complaint do not state a cognizable claim for relief against SMU.  Accordingly, Plaintiff's claims against SMU should be dismissed.

Respectfully submitted,

 */s/ Sean W. Kilian*
Sean W. Kilian, OBA #31117
  skilian@lockelord.com
Kimberly F. Williams, (admitted *pro hac vice*)
  kwilliams@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopier)

and

Jeremy Tubb, OBA#16739
  jeremy.tubb@fullertubb.com
Courtney Warmington, OBA# 18486
  cwarmington@fullertubb.com
Tiffany J. Wythe, OBA #21405
  tiffany.wythe@fullertubb.com
**FULLER TUBB & BICKFORD, PLLC**
201 Robert S. Kerr Avenue, Suite 1000
Oklahoma City, Oklahoma 73102
(405) 235-2575 (Telephone)
(405) 232-8384 (Telecopier)

**ATTORNEYS FOR DEFENDANT
ST. MATTHEW'S UNIVERSITY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via ECF electronic service, on this 16th day of January, 2018, to the following counsel of record:

R. Jack Freeman
jfreeman@grahamfreeman.com

Jason J. Bach
jbach@bachlawfirm.com

Clinton W. Pratt
clint.pratt@okstate.edu

Margaret McMorrow-Love
mml@lovelawfirm.legal

John L. Love
jjl@lovelawfirm.legal

Stephen R. Stephens
steve.stephens@okstate.edu

/s/ Sean W. Kilian