## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALEXANDRA GUILLOU, | ) | |
| | ) | |
| Plaintiff, | ) | Case No.: CIV-17-988-HE |
| | ) | |
| v. | ) | |
| | ) | |
| BOARD OF REGENTS FOR THE | ) | |
| OKLAHOMA AGRICULTURAL AND | ) | |
| MECHANICAL COLLEGES; STATE OF | ) | |
| OKLAHOMA ex rel. OKLAHOMA | ) | |
| STATE UNIVERSITY; and ST. | ) | |
| MATTHEWS UNIVERSITY, | ) | |
| | ( | |
| Defendants. | ) | |

## ANSWER

COME NOW, the Defendants, the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges ("Board of Regents") and the State of Oklahoma ex rel. Oklahoma State University ("OSU"), hereinafter collectively referred to as "Defendants" and submit the following Answer to Plaintiff's Amended Complaint.

1.      Defendants do not have sufficient information to form a belief as to Plaintiff's citizenship status.  Defendants admit the remaining allegations contained in ¶ 1 of Plaintiff's Amended Complaint.

2.      Defendants admit the allegations contained in ¶ 2 of Plaintiff's Amended Complaint.

3.      Defendants admit the allegations in the first sentence of ¶ 3 of Plaintiff's

Amended Complaint.  Defendants lack sufficient information to either admit or deny the legal conclusion that "SMU also remains liable for SMU students, as the contractual relationship between SMU and OSU's CVHS Year IV students remains intact during their affiliate rotations."

4.     Defendants admit that all actions taken by Defendants with regard to Plaintiff took place in the State of Oklahoma, County of Payne.  Defendants do not have sufficient information to form a belief as to where the actions taken by Defendant St. Matthew's University occurred.

5.     Defendants deny the allegations contained in ¶ 5 of Plaintiff's Amended Complaint.

6.     Defendants admit the allegations contained in ¶ 6 of Plaintiff's Amended Complaint.

7.     Defendants deny the allegations contained in ¶ 7 of Plaintiff's Amended Complaint.  Plaintiff's federal claims are utterly without merit.  Specious federal claims cannot properly vest the Court with jurisdiction over pendant state law claims.  Further, Plaintiff has utterly failed to comply with the provisions of Oklahoma's Governmental Tort Claims Act.

8.     Defendants admit that jurisdiction is proper as to Defendants Board of Regents and OSU.  Defendants do not have sufficient information to form a belief as to the properness of venue with regard to St. Matthew's University.

9.     Defendants deny the allegations contained in ¶ 9 of Plaintiff's Amended Complaint.

10.     Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 10 of Plaintiff's Amended Complaint.

11.     Defendants admit Plaintiff enrolled in clinical rotations at OSU.  Defendants do not have sufficient information to form a belief as to the remainder of the allegations contained in ¶ 11 of Plaintiff's Amended Complaint.

12.     Defendants admit the allegations contained in ¶ 12 of Plaintiff's Amended Complaint.

13.     Defendants admit Plaintiff's status as an affiliate student was governed partially by OSU's Guidelines for Year III and IV Students Veterinary Teaching Hospital ("Guidelines").  Defendants deny the allegations in ¶ 13 to the extent Plaintiff alleges her status as an affiliate student was governed only by the Guidelines.

14.     Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 14 of Plaintiff's Amended Complaint.

15.     Defendants admit Plaintiff's request for medical leave was processed by administrators at OSU Center for Veterinary Health Sciences ("CVHS") but deny the remaining allegations contained in ¶ 15 of Plaintiff's Amended Complaint.

16.     Defendants deny the allegations contained in ¶ 16 of Plaintiff's Amended Complaint.

17.     Defendants admit Plaintiff was not initially directed to Student Disability Services but deny the remainder of the allegations contained in ¶ 17 of Plaintiff's Amended Complaint.

18.     Defendants deny the allegations contained in ¶ 18 of Plaintiff's Amended

Complaint.

19.     Defendants deny the allegations contained in ¶ 19 of Plaintiff's Amended Complaint.

20.     Defendants deny the allegations contained in ¶ 20 of Plaintiff's Amended Complaint.

21.     Defendants deny the allegations contained in ¶ 21 of Plaintiff's Amended Complaint.

22.     Defendants deny the allegations contained in ¶ 22 of Plaintiff's Amended Complaint.  Defendants do not have sufficient information to either admit or deny the partial transcript of the referenced recording, but do deny the characterization allegedly associated with statements made.  The recorded transcript, to the extent it is audible, speaks for itself.

23.     Defendants deny the allegations contained in ¶ 23 of Plaintiff's Amended Complaint.  Defendants do not have sufficient information to either admit or deny the partial transcript of the referenced recording, but do deny the characterization allegedly associated with statements made.  The recorded transcript, to the extent it is audible, speaks for itself.

24.     Defendants deny the allegations contained in ¶ 24 of Plaintiff's Amended Complaint.  Defendants do not have sufficient information to either admit or deny the partial transcript of the referenced recording, but do deny the characterization allegedly associated with statements made.  The recorded transcript, to the extent it is audible, speaks for itself.

4

25.     Defendants deny the allegations contained in ¶ 25 of Plaintiff's Amended Complaint.  Defendants do not have sufficient information to either admit or deny the partial transcript of the referenced recording, but do deny the characterization allegedly associated with statements made.  The recorded transcript, to the extent it is audible, speaks for itself.

26.     Defendants deny the allegations contained in ¶ 26 of Plaintiff's Amended Complaint.  Defendants do not have sufficient information to either admit or deny the partial transcript of the referenced recording, but do deny the characterization allegedly associated with statements made.  The recorded transcript, to the extent it is audible, speaks for itself.

27.     Defendants deny that the phrase "get rid of" was ever used in the inadvertent recording.  Defendants do not have sufficient information to form a belief as to the remainder of the allegations contained in ¶ 27 of Plaintiff's Amended Complaint. Defendants further affirmatively state that nothing was ever said which could reasonably be construed as a threat to Plaintiff's physical safety.

28.     Defendants admit that Plaintiff met with Dr. Margi Gilmour.  Defendants further admit that Dr. Gilmour assured Plaintiff no private information about Plaintiff had been discussed and that no one other than OSU staff were part of the conversation. Defendants deny Plaintiff's characterization that Dr. Gilmour attempted to dismiss her concerns entirely.

29.     Defendants admit the office where Ms. Kershaw is seated is publicly accessible but deny the remainder of the allegations contained in ¶ 29 of Plaintiff's

Amended Complaint.

30.     Defendants deny the allegations contained in ¶ 30 of Plaintiff's Amended Complaint.

31.     Defendants deny the allegations contained in ¶ 31 of Plaintiff's Amended Complaint.

32.     Defendants admit Plaintiff met with Dr. Tanya Lowery and Dr. Rosalyn Green in OSU's Office of Equal Opportunity on or about October 14, 2016, but deny the remainder of the allegations contained in ¶ 32 of Plaintiff's Amended Complaint.

33.     Defendants admit the allegations contained in ¶ 33 of Plaintiff's Amended Complaint.

34.     Defendants admit the allegations contained in ¶ 34 of Plaintiff's Amended Complaint.

35.     Defendants admit Plaintiff met with Drs. Lowery, Green and Ross, but deny the remainder of the allegations contained in ¶ 35 of Plaintiff's Amended Complaint.

36.     Defendants deny the allegations contained in ¶ 36 of Plaintiff's Amended Complaint.

37.     Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 37 of Plaintiff's Amended Complaint.

38.     Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 38 of Plaintiff's Amended Complaint.

39.     Defendants deny the allegations contained in ¶ 39 to the extent Plaintiff alleges OSU made a fabricated disclosure to St. Matthew's University and to the extent

Plaintiff alleges administrators from OSU threatened either her career trajectory or her physical safety.   Defendants do not have sufficient information to form a belief as to the remaining allegations in ¶ 39.

40.   Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 40 of Plaintiff's Amended Complaint.

41.   Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 41 of Plaintiff's Amended Complaint.

42.   Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 42 of Plaintiff's Amended Complaint.

43.   Defendants admit Plaintiff sent an email to Dr. Ross on October 31, 2016, which outlined what Plaintiff perceived to be false information and "negative gossip" about her.  Defendants deny the allegations contained in ¶ 43 of Plaintiff's Amended Complaint in that Defendants did not convey misinformation to St. Matthew's University.

44.   Defendants deny the allegations contained in ¶ 44 of Plaintiff's Amended Complaint.

45.   Defendants admit that Ms. Kershaw is an Administrative Associate with responsibility for coordination with St. Matthew's University affiliate students, but deny the allegations contained in ¶ 45 of Plaintiff's Amended Complaint to the extent Plaintiff alleges Ms. Kershaw has complete control over affiliate students.  Defendants are without sufficient information to form a belief as to the remainder of the allegations contained in ¶ 45 of Plaintiff's Amended Complaint.

46.   Defendants deny the allegations contained in ¶ 46 of Plaintiff's Amended

Complaint.

47.     Defendants admit Dr. Ross emailed Plaintiff on January 11, 2017, requesting that she contact the school.  Defendants deny the remainder of the allegations contained in ¶ 47 of Plaintiff's Amended Complaint.

48.     Defendants admit Plaintiff's legal counsel sent an initial letter to OSU on January 20, 2017.  Defendants deny the remainder of the allegations contained in ¶ 48 of Plaintiff's Amended Complaint in that Plaintiff's legal counsel sent a second letter to OSU on February 28, 2017, not on February 7, 2017 as alleged.

49.     Defendant's deny the allegations contained in ¶ 49 of Plaintiff's Amended Complaint.

50.     Defendants deny the allegations contained in ¶ 50 of Plaintiff's Amended Complaint.

51.     Defendants deny the allegations contained in ¶ 51 of Plaintiff's Amended Complaint.

52.     Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 52 of Plaintiff's Amended Complaint.

53.     Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 53 of Plaintiff's Amended Complaint.

54.     Defendants deny the allegations contained in ¶ 54 of Plaintiff's Amended Complaint.

55.     Defendants deny any threat was made against Plaintiff.  Defendants do not have sufficient information to form a belief as to the remainder of the allegations contained

in ¶ 55 of Plaintiff's Amended Complaint.  Defendants affirmatively state that nothing was ever said or done which could reasonably be construed to be a threat to Plaintiff's physical safety and well-being.

56.     No response to ¶ 56 of Plaintiff's Amended Complaint is required.

57.     With respect to the allegations contained in the first sentence of ¶ 57 of Plaintiff's Amended Complaint, Defendants state the referenced statute speaks for itself. The remainder of the allegations in ¶ 57 are conclusions of law to which no response is required.

58.     The allegations contained in ¶ 58 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, Defendants deny the allegations.

59.     Defendants deny the allegations contained in ¶ 59 of Plaintiff's Amended Complaint.  Defendants further state the alleged actions outlined in ¶ 59, which Plaintiff alleges were adverse, have already been determined by the Court not to be adverse.  Order, p. 7-8.

60.     Defendants deny the allegations contained in ¶ 60 of Plaintiff's Amended Complaint.

61.     The allegations contained in ¶ 61 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.  To the extent a response is required, Defendants deny the allegations

62.     Defendants deny the allegations contained in ¶ 62 of Plaintiff's Amended Complaint.  Defendants further state the alleged actions outlined in ¶ 62, which Plaintiff

alleges were adverse, have already been determined by the Court not to be adverse.  Order, p. 8.

63.     Defendants deny the allegations contained in ¶ 63 of Plaintiff's Amended Complaint.

64.     Defendants deny the allegations contained in ¶ 64 of Plaintiff's Amended Complaint.

65.     Defendants deny the allegations contained in ¶ 65 of Plaintiff's Amended Complaint.  Defendants further state the alleged actions outlined in ¶ 65, which Plaintiff alleges were adverse, have already been determined by the Court not to be adverse.  Order, p. 8-9.

66.     Defendants deny the allegations contained in ¶ 66 of Plaintiff's Amended Complaint.

67.     Defendants deny the allegations contained in ¶ 67 of Plaintiff's Amended Complaint.

68.     Defendants deny the allegations contained in ¶ 68 of Plaintiff's Amended Complaint.

69.     Defendants deny the allegations contained in ¶ 69 of Plaintiff's Amended Complaint.

70.     Defendants deny the allegations contained in ¶ 70 of Plaintiff's Amended Complaint.

71.     No response to ¶ 71 of Plaintiff's Amended Complaint is required.

72.     The referenced statutes contained in ¶ 72 of Plaintiff's Amended Complaint

speak for themselves.  The remaining allegations in ¶ 72 are conclusions of law to which no response is required.

73.     Defendants admit the allegations contained in ¶ 73 of Plaintiff's Amended Complaint.

74.     Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 74 of Plaintiff's Amended Complaint.

75.     Defendants deny the allegations contained in ¶ 75 of Plaintiff's Amended Complaint.  Defendants further note that the allegations contained in ¶ 75 have already been dismissed as the Court determined these supposed actions do not constitute actionable discrimination.  Order, p. 10-11.

76.     Defendants deny the allegations contained in ¶ 76 of Plaintiff's Amended Complaint.

77.     Defendants deny the allegations contained in ¶ 77 of Plaintiff's Amended Complaint.

78.     Defendants deny the allegations contained in ¶ 78 of Plaintiff's Amended Complaint.

79.     Defendants deny the allegations contained in ¶ 79 of Plaintiff's Amended Complaint.

80.     Defendants deny the allegations contained in ¶ 80 of Plaintiff's Amended Complaint.

81.     No response to ¶ 81 of Plaintiff's Amended Complaint is required.

82.     Defendants do not have sufficient information to form a belief as to the

allegations contained in ¶ 82 of Plaintiff's Amended Complaint.

83.     Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 83 of Plaintiff's Amended Complaint.

84.     Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 84 of Plaintiff's Amended Complaint.

85.     Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 85 of Plaintiff's Amended Complaint.

86.     Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 86 of Plaintiff's Amended Complaint.

87.     Defendants deny the allegations contained in ¶ 87 of Plaintiff's Amended Complaint.

88.     Defendants deny the allegations contained in ¶ 88 to the extent Plaintiff alleges she was harassed by OSU or that any threats against Plaintiff were made or acted upon by OSU administrators.  Defendants do not have sufficient information to form a belief as to the remainder of the allegations contained in ¶ 88 of Plaintiff's Amended Complaint.

89.     Defendants deny the allegations contained in ¶ 89 of Plaintiff's Amended Complaint.

90.     Defendants deny the allegations contained in ¶ 90 to the extent the allegations are against OSU.  Defendants do not have sufficient information to form a belief as to the remainder of the allegations contained in ¶ 90 of Plaintiff's Amended Complaint.

91.     Defendants deny the allegations contained in ¶ 91 of Plaintiff's Amended

Complaint.

92.     Defendants deny the allegations contained in ¶ 92 of Plaintiff's Amended Complaint.

93.     Defendants deny the allegations contained in ¶ 93 of Plaintiff's Amended Complaint.

94.     Defendants deny the allegations contained in ¶ 94 of Plaintiff's Amended Complaint.

95.     Defendants deny the allegations contained in ¶ 95 of Plaintiff's Amended Complaint.

96.     No response to ¶ 96 of Plaintiff's Amended Complaint is required.

97.     The allegations contained in ¶ 97 of Plaintiff's Amended Complaint are conclusions of law to which no response is required.

98.     Defendants deny the allegations contained in ¶ 98 of Plaintiff's Amended Complaint.

99.     Defendants do not have sufficient information to form a belief as to the allegations contained in ¶ 99 of Plaintiff's Amended Complaint.

100.    Defendants deny the allegations contained in ¶ 100 of Plaintiff's Amended Complaint.

101.    Defendants deny the allegations contained in ¶ 101 of Plaintiff's Amended Complaint to the extent Plaintiff alleges OSU discriminated against her.  Defendant does not have sufficient information to form a belief as to the remainder of the allegations contained in ¶ 101 of Plaintiff's Amended Complaint.

102.    Defendants admit that its policies prohibit discrimination on the basis of disability and that the Guidelines refer to OSU's policy of non-discrimination.  Defendants deny the remainder of the allegations contained in ¶ 102 of Plaintiff's Amended Complaint.

103.    Defendants deny the allegations contained in ¶ 103 of Plaintiff's Amended Complaint.  Defendants further state that the Court has already determined the alleged actions listed in ¶ 103 did not constitute discrimination.  Order, p. 10-11.

104.    Defendants deny the allegations contained in ¶ 104 of Plaintiff's Amended Complaint.

105.    Defendants deny the allegations contained in ¶ 105 of Plaintiff's Amended Complaint.

106.    Defendants deny the allegations contained in ¶ 106 of Plaintiff's Amended Complaint.

107.    Defendants deny the allegations contained in ¶ 107 of Plaintiff's Amended Complaint.

## AFFIRMATIVE DEFENSES

1.    Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2.    Defendants did not violate any clearly established federally protected right of Plaintiff and are entitled to Qualified Immunity.

3.    Damages against Defendants are limited by the statutory terms of the Americans with Disabilities Act, 42 U.S.C. §§ 2401, et seq.

4.    Plaintiff has not been injured by any action or inaction of Defendants.

5.     Defendants have taken no adverse action against Plaintiff.

6.     Defendants are entitled to Sovereign Immunity pursuant to the Eleventh Amendment.

7.     Plaintiff has wholly failed to comply with the notice provision of Oklahoma's Governmental Tort Claims Act (51 O.S. § 151 et seq.) and as such is prohibited from recovery against Defendants on the basis of any state law claim.

8.     Plaintiff's claims for monetary relief against Defendants are limited by the "caps" established in Oklahoma's Governmental Tort Claims Act (51 O.S. § 151 et seq.).

9.     Plaintiff's claims are barred by one or more of the exemptions specifically listed in 51 O.S. § 154.

10.     Plaintiff is specifically prohibited from recovering punitive damages against Defendants pursuant to 51 O.S. § 154(C).

11.     Plaintiff cannot recover punitive damages against the Defendants as a matter of public policy.

12.     Plaintiff is entitled to recover punitive damages pursuant to the standards set forth in 23 O.S. § 9.1.

13.     Defendants deny the nature and extent of Plaintiff's alleged damages.

14.     Plaintiff failed to mitigate her damages.

15.     Plaintiff's claims for economic damages are wholly speculative and as such not recoverable.

WHEREFORE, Defendants pray that, upon final trial and hearing hereof, judgment be entered that Plaintiff take nothing by her suit, that all relief prayed for by Plaintiff in

this action be denied, that Defendants recover all costs of court incurred herein, including reasonable attorneys' fees, and that Defendants be awarded such other and further relief to which they may be entitled.

Respectfully submitted,

/s/ Clinton W. Pratt
Clinton W. Pratt, OBA #21329
Assistant General Counsel
Board of Regents for the Oklahoma
Agricultural and Mechanical Colleges
5th Floor, Student Union Building
Oklahoma State University
Stillwater, OK 74078-7044
(405) 744-6494/Fax: (405) 744-7998
clint.pratt@okstate.edu
ATTORNEY FOR DEFENDANTS

## CERTIFICATE OF SERVICE

I hereby certify that on March 29, 2018, I electronically transmitted the attached document to the Clerk of Court using the ECF System for filing.  Based on the records currently on file, the Clerk of Court will transmit a Notice of Electronic Filing to the following ECF registrants:

R. Jack Freeman
GRAHAM & FREEMAN, PLLC
6226 East 101st Street, Suite 300
Tulsa, Oklahoma 74137-7117

Jason J. Bach
7881 W. Charleston Blvd., Suite 165
Las Vegas, Nevada 89117

Sean W. Kilian
Kimberly Williams
Locke Lord LLP
2200 Ross Avenue, Suite 2800
Dallas, TX 75201

Jeremy Tubb
Courtney Warmington
Tiffany Wythe
Fuller Tubb & Bickford, PLLC
201 Robert S. Kerr Avenue, Suite 1000
Oklahoma City, OK 73102

Margaret McMorrow-Love
John J. Love
The Love Law Firm
228 Robert S. Kerr, Suite 540
Oklahoma City, OK 73102

/s/ Clinton W. Pratt
Clinton W. Pratt