IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| ALEXANDRA GUILLOU, § | | |
|     Plaintiff, § | | |
| vs. § | NO. CIV-17-988-HE | |
| § | | |
| BOARD OF REGENTS FOR THE § | | |
| OKLAHOMA AGRICULTURAL § | | |
| AND MECHANICAL COLLEGES; § | | |
| STATE OF OKLAHOMA ex rel. § | | |
| OKLAHOMA STATE UNIVERSITY; § | | |
| ST. MATTHEWS UNIVERSITY, INC.; § | | |
| LUCINDA KERSHAW; DR. DANIEL § | | |
| BURBA; DR. CHRIS ROSS; and § | | |
| DR. MARGI GILMOUR § | | |
| § | | |
|     Defendants. § | | |

## ST. MATTHEW'S UNIVERSITY, INC.'S
## ANSWER TO PLAINTIFF'S FIRST AMENDED COMPLAINT

Defendant St. Matthew's University, Inc. ("Defendant" or "SMU") files its Answer to Plaintiff Alexandra Guillou's ("Plaintiff" or "Guillou") First Amended Complaint (ECF No. 43) ("Amended Complaint"), and would respectfully show the Court as follows:

### INTRODUCTION

SMU responds to the individually numbered paragraphs of Plaintiff's Amended Complaint as follows. Each allegation not specifically admitted herein shall be deemed denied, and the recital of headings set forth herein does not constitute an admission of any allegation contained in Plaintiff's Amended Complaint.

## PARTIES

1. SMU is without sufficient information or knowledge as to the allegations in the first sentence of Paragraph 1 of the Amended Complaint and, therefore, denies them at this time. SMU denies the remainder of the allegations in Paragraph 1 of the Amended Complaint.

2. SMU admits that Oklahoma State University ("OSU") operates a clinical program for fourth year veterinary students at OSU's Center for Veterinary Health Sciences ("CVHS"). SMU is without sufficient information or knowledge as to the remainder of the allegations in Paragraph 2 of the Amended Complaint and, therefore, denies them at this time.

3. SMU admits that it has an affiliation agreement in place with OSU through which SMU students may receive clinical training at OSU's CVHS. SMU denies the remainder of the allegations in Paragraph 3 of the Amended Complaint.

4. SMU denies all allegations in Paragraph 4 of the Amended Complaint.

5. SMU denies all allegations in Paragraph 5 of the Amended Complaint.

## JURISDICTION AND VENUE

6. SMU admits the allegations in Paragraph 6 of the Amended Complaint.

7. SMU denies all allegations in Paragraph 7 of the Amended Complaint.

8. SMU admits that venue is proper in this Court. SMU denies the remainder of the allegations in Paragraph 8 of the Amended Complaint.

9. SMU denies all allegations in Paragraph 9 of the Amended Complaint.

## GENERAL FACTUAL ALLEGATIONS

10. SMU admits the allegations in Paragraph 10 of the Amended Complaint.

11. SMU admits the allegations in Paragraph 11 of the Amended Complaint.

12. SMU admits the allegations in Paragraph 12 of the Amended Complaint.

13. SMU admits that its students are responsible for complying with OSU rules and regulations while receiving clinical training at OSU.  SMU denies the remainder of the allegations in Paragraph 13 of the Amended Complaint.

14. SMU is without sufficient information or knowledge as to the allegations in the first sentence of Paragraph 14 of the Amended Complaint and, therefore, denies them at this time.  SMU denies the remainder of the allegations in Paragraph 14 of the Amended Complaint.

15. SMU is without sufficient information or knowledge as to the allegations in Paragraph 15 of the Amended Complaint and, therefore, denies them at this time.

16. SMU is without sufficient information or knowledge as to the allegations in Paragraph 16 of the Amended Complaint and, therefore, denies them at this time.

17. SMU is without sufficient information or knowledge as to the allegations in Paragraph 17 of the Amended Complaint and, therefore, denies them at this time.

18. SMU is without sufficient information or knowledge as to the allegations in the first sentence of Paragraph 18 of the Amended Complaint and, therefore, denies them at this time.  SMU denies the remainder of the allegations in Paragraph 18 of the Amended Complaint.

19. SMU is without sufficient information or knowledge as to the allegations in the third sentence of Paragraph 19 of the Amended Complaint and, therefore, denies them at this time. SMU denies the remainder of the allegations in Paragraph 19 of the Amended Complaint.

20. SMU is without sufficient information or knowledge as to the allegations in Paragraph 20 of the Amended Complaint and, therefore, denies them at this time.

21. SMU is without sufficient information or knowledge as to the allegations in Paragraph 21 of the Amended Complaint and, therefore, denies them at this time.

22. SMU is without sufficient information or knowledge as to the allegations in Paragraph 22 of the Amended Complaint and, therefore, denies them at this time.

23. SMU is without sufficient information or knowledge as to the allegations in Paragraph 23 of the Amended Complaint and, therefore, denies them at this time.

24. SMU is without sufficient information or knowledge as to the allegations in Paragraph 24 of the Amended Complaint and, therefore, denies them at this time.

25. SMU is without sufficient information or knowledge as to the allegations in Paragraph 25 of the Amended Complaint and, therefore, denies them at this time.

26. SMU is without sufficient information or knowledge as to the allegations in Paragraph 26 of the Amended Complaint and, therefore, denies them at this time.

27. SMU is without sufficient information or knowledge as to the allegations in Paragraph 27 of the Amended Complaint and, therefore, denies them at this time.

28. SMU is without sufficient information or knowledge as to the allegations in Paragraph 28 of the Amended Complaint and, therefore, denies them at this time.

29. SMU is without sufficient information or knowledge as to the allegations in Paragraph 29 of the Amended Complaint and, therefore, denies them at this time.

30. SMU is without sufficient information or knowledge as to the allegations in Paragraph 30 of the Amended Complaint and, therefore, denies them at this time.

31. SMU is without sufficient information or knowledge as to the allegations in Paragraph 31 of the Amended Complaint and, therefore, denies them at this time.

32. SMU is without sufficient information or knowledge as to the allegations in Paragraph 32 of the Amended Complaint and, therefore, denies them at this time.

33. SMU is without sufficient information or knowledge as to the allegations in Paragraph 33 of the Amended Complaint and, therefore, denies them at this time.

34. SMU is without sufficient information or knowledge as to the allegations in Paragraph 34 of the Amended Complaint and, therefore, denies them at this time.

35. SMU is without sufficient information or knowledge as to the allegations in Paragraph 35 of the Amended Complaint and, therefore, denies them at this time.

36. SMU is without sufficient information or knowledge as to the allegations in Paragraph 36 of the Amended Complaint and, therefore, denies them at this time.

37. SMU admits that Plaintiff communicated with an SMU employee around October 27, 2016 about a health insurance question, and admits that the employee referenced Plaintiff's attendance, but otherwise denies the allegations in the first sentence of Paragraph 37 of the Amended Complaint. SMU denies the remainder of the allegations in Paragraph 37 of the Amended Complaint.

38. SMU denies all allegations in Paragraph 38 of the Amended Complaint.

39. SMU is without sufficient information or knowledge as to the allegations in Paragraph 39 of the Amended Complaint and, therefore, denies them at this time.

40. SMU admits that, in prior semesters, Plaintiff was permitted to register at SMU upon remitting an agreed upon amount as a down payment for tuition, but denies the remainder of the allegations in Paragraph 40 of the Amended Complaint.

41. SMU denies all allegations in Paragraph 41 of the Amended Complaint.

42. SMU admits that Plaintiff communicated with Mr. Marvin regarding clinical placement, but denies Plaintiff's characterization of the communication and otherwise denies the allegations in Paragraph 42 of the Amended Complaint.

43. SMU is without sufficient information or knowledge as to the allegations in Paragraph 43 of the Amended Complaint and, therefore, denies them at this time.

44. SMU is without sufficient information or knowledge as to the allegations in Paragraph 44 of the Amended Complaint and, therefore, denies them at this time.

45. SMU admits that it may receive certain information from OSU regarding the SMU students who receive clinical training at OSU, and that SMU students benefit from the clinical training they receive at OSU.  SMU otherwise denies the allegations in Paragraph 45 of the Amended Complaint.

46. SMU denies the allegation that the communication between it and OSU was negatively impacted by animosity towards Plaintiff.  SMU is without sufficient information or knowledge as to the remainder of the allegations in Paragraph 46 of the Amended Complaint and, therefore, denies them at this time.

47.  SMU is without sufficient information or knowledge as to the allegations in Paragraph 47 of the Amended Complaint and, therefore, denies them at this time.

48.  SMU is without sufficient information or knowledge as to the allegations in Paragraph 48 of the Amended Complaint and, therefore, denies them at this time.

49.  SMU is without sufficient information or knowledge as to the allegations in Paragraph 49 of the Amended Complaint and, therefore, denies them at this time.

50.  SMU is without sufficient information or knowledge as to the allegations in Paragraph 50 of the Amended Complaint and, therefore, denies them at this time.

51.  SMU is without sufficient information or knowledge as to the allegations in Paragraph 51 of the Amended Complaint and, therefore, denies them at this time.

52.  SMU is without sufficient information or knowledge as to the allegations in Paragraph 52 of the Amended Complaint and, therefore, denies them at this time.

53.  SMU is without sufficient information or knowledge as to the allegations in Paragraph 53 of the Amended Complaint and, therefore, denies them at this time.

54.  SMU denies all allegations in Paragraph 54 of the Amended Complaint.

55.  SMU denies it made any threat against Plaintiff, but otherwise is without sufficient information or knowledge as to the allegations in Paragraph 55 of the Amended Complaint and, therefore, denies them at this time.

# FIRST CAUSE OF ACTION

### VIOLATIONS OF THE AMERICANS WITH DISABILITIES ACT 42 U.S.C. § 12203(a) and SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 701, et seq.
### (RETALIATION)
### Against the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges and State of Oklahoma *ex rel.* Oklahoma State University

56. No response is required to Paragraph 56 of the Amended Complaint. To the extent a response is required, SMU incorporates its responses to Paragraphs 1-55 of the Amended Complaint.

57. With respect to the allegations in the first sentence of Paragraph 57 of the Amended Complaint, SMU states the referenced statute speaks for itself. The remainder of the allegations in Paragraph 57 of the Amended Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

58. SMU is without sufficient information or knowledge as the allegations in Paragraph 58 of the Amended Complaint and, therefore, denies them at this time.

59. The allegations in Paragraphs 59 (a), (b), and (c) of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, SMU is without sufficient information or knowledge as to the allegations in Paragraph 59 (a), (b), and (c) of the Amended Complaint and, therefore, denies them at this time.

60. The allegations in the first and fifth sentences of Paragraph 60 of the Amended Complaint are conclusions of law to which no response is required, and to the

extent a response is deemed required, the allegations are denied. SMU is without sufficient information or knowledge as to the remainder of the allegations in Paragraph 60 of the Amended Complaint and, therefore, denies them at this time.

61. The allegations in Paragraph 61 of the Amended Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

62. The allegations in Paragraphs 62 (a) and (b) of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, SMU denies the allegation in Paragraph 62 (b) of the Amended Complaint that it treated Plaintiff harshly, and is without sufficient information or knowledge as to the remainder of the allegations in Paragraphs 62 (a) and (b) of the Amended Complaint and, therefore, denies them at this time.

63. The allegations in Paragraph 63 of the Amended Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

64. The allegations in Paragraph 64 of the Amended Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

65. The allegations in Paragraphs 65 (a) and (b) of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, SMU is without sufficient information or knowledge as to the allegations in

Paragraphs 65 (a) and (b) of the Amended Complaint and, therefore, denies them at this time.

66. The allegations in Paragraph 66 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, SMU is without sufficient information or knowledge as to the of the allegations in Paragraphs 66 of the Amended Complaint and, therefore, denies them at this time.

67. SMU denies all allegations in Paragraph 67 of the Amended Complaint.

68. SMU denies all allegations in Paragraph 68 of the Amended Complaint.

69. SMU admits it appears that Plaintiff has obtained the services of an attorney, but denies the remainder of the allegations in Paragraph 69 of the Amended Complaint.

70. SMU denies all allegations in Paragraph 70 of the Amended Complaint.

## SECOND CAUSE OF ACTION

***VIOLATIONS OF TITLE II OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et seq., and SECTION 504 OF THE REHABILITATION ACT OF 1973, 29 U.S.C. § 701, et seq.***
**(*DISABILITY DISCRIMINATION*)**

**Against the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges and State of Oklahoma *ex rel.* Oklahoma State University**

71. No response is required to Paragraph 71 of the Amended Complaint. To the extent a response is required, SMU incorporates its responses to Paragraphs 1-70 of the Amended Complaint.

72. With respect to the allegations in the first and second sentences of Paragraph 72 of the Amended Complaint, SMU states the referenced statutes speaks for

themselves. The remaining allegations in Paragraph 72 of the Amended Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, SMU denies any liability under the statutes referenced in Paragraph 72 of the Amended Complaint.

73. The allegations in Paragraph 73 of the Amended Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

74. The allegations in Paragraph 74 of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, SMU is without sufficient information or knowledge as to the of the allegations in Paragraphs 74 of the Amended Complaint and, therefore, denies them at this time.

75. The allegations in Paragraphs 75 (a), (b), (c), (d), (e), (f), and (g) of the Amended Complaint are conclusions of law to which no response is required. To the extent a response is deemed required, SMU is without sufficient information or knowledge as to the of the allegations in Paragraphs 75 (a), (b), (c), (d), (e), (f), and (g) of the Amended Complaint and, therefore, denies them at this time.

76. SMU is without sufficient information or knowledge as to the allegations in the first and second sentences of Paragraph 76 of the Amended Complaint and, therefore, denies them at this time. SMU denies the remainder of the allegations in Paragraph 76 of the Amended Complaint.

77. SMU denies all allegations in Paragraph 77 of the Amended Complaint.

78. SMU denies all allegations in Paragraph 78 of the Amended Complaint.

79. SMU admits it appears that Plaintiff has obtained the services of an attorney, but denies the remainder of the allegations in Paragraph 79 of the Amended Complaint.

80. SMU denies all allegations in Paragraph 80 of the Amended Complaint.

## THIRD CAUSE OF ACTION

***VIOLATIONS OF TITLE III OF THE AMERICANS WITH DISABILITIES ACT, 42 U.S.C. § 12101, et seq.***
***(DISABILITY DISCRIMINATION AND HARASSMENT*)**

### Against St. Matthew's University

81. No response is required to Paragraph 81 of the Amended Complaint. To the extent a response is required, SMU incorporates its responses to Paragraphs 1-80 of the Amended Complaint.

82. The allegations in Paragraph 82 of the Amended Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

83. SMU admits that it has offices in Orlando, Florida which provide certain administrative services, but otherwise denies the allegations in Paragraph 83 of the Amended Complaint.

84. SMU denies all allegations in Paragraph 84 of the Amended Complaint.

85. SMU denies all allegations in Paragraph 85 of the Amended Complaint.

86. SMU admits that it maintains certain responsibilities with respect to those of its students who receive clinical training at OSU, and admits that it may receive

communications regarding its students. SMU denies the remainder of the allegations in Paragraph 86 of the Amended Complaint.

87. SMU denies all allegations in Paragraph 87 of the Amended Complaint.

88. SMU denies all allegations in Paragraph 88 of the Amended Complaint.

89. SMU denies all allegations in Paragraph 89 of the Amended Complaint.

90. SMU denies all allegations in Paragraph 90 of the Amended Complaint.

91. SMU denies all allegations in Paragraph 91 of the Amended Complaint.

92. SMU denies all allegations in Paragraph 92 of the Amended Complaint.

93. SMU denies all allegations in Paragraph 93 of the Amended Complaint.

94. SMU admits it appears that Plaintiff has obtained the services of an attorney, but denies the remainder of the allegations in Paragraph 94 of the Amended Complaint.

95. SMU denies all allegations in Paragraph 95 of the Amended Complaint.

## FOURTH CAUSE OF ACTION

### *BREACH OF CONTRACT*

**Against the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges, State of Oklahoma *ex rel.* Oklahoma State University, and St. Matthew's University**

96. No response is required to Paragraph 96 of the Amended Complaint. To the extent a response is required, SMU incorporates its responses to Paragraphs 1-95 of the Amended Complaint.

97. The allegations in Paragraph 97 of the Amended Complaint are conclusions of law to which no response is required, and to the extent a response is deemed required, the allegations are denied.

98. SMU is without sufficient information or knowledge as to the allegations in Paragraph 98 of the Amended Complaint and, therefore, denies them at this time.

99. SMU denies all allegations in Paragraph 99 of the Amended Complaint.

100. SMU denies all allegations in Paragraph 100 of the Amended Complaint.

101. SMU denies all allegations in Paragraph 101 of the Amended Complaint.

102. SMU is without sufficient information or knowledge as to the allegations in Paragraph 102 of the Amended Complaint and, therefore, denies them at this time.

103. The allegations in Paragraphs 103 (a), (b), (c), (d), and (e) of the Amended Complaint are conclusions of law to which no response is required.  To the extent a response is deemed required, SMU is without sufficient information or knowledge as to the of the allegations in Paragraphs 103 (a), (b), (c), (d), and (e) of the Amended Complaint and, therefore, denies them at this time.

104. SMU denies all allegations in Paragraph 104 of the Amended Complaint.

105. SMU denies all allegations in Paragraph 105 of the Amended Complaint.

106. SMU admits it appears that Plaintiff has obtained the services of an attorney, but denies the remainder of the allegations in Paragraph 106 of the Amended Complaint.

107. SMU denies all allegations in Paragraph 107 of the Amended Complaint.

## DEMAND FOR JURY TRIAL

108.  SMU admits that Plaintiff asserted a jury demand in the Amended Complaint.

## RELIEF REQUESTED

109.  SMU admits that Plaintiff seeks various forms of relief and damages but denies that Plaintiff is entitled to any damages, costs, fees, interest, or any other relief, general or special, at law or in equity, and specifically denies all allegations contained in the section of the Amended Complaint titled "Relief Requested," including subparts (1) through (5) thereof, inclusive.

## DEFENSES AND AFFIRMATIVE DEFENSES

110.  Each defense and affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses.

111.  Plaintiff, in each alleged cause of action, fails to state a claim upon which relief can be granted.

112.  Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

113.  SMU took no actions that were contrary to any applicable state or federal law.

114.  At all times, SMU made good faith efforts to comply with Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, Section 504 of the

Rehabilitation Act of 1974, 29 U.S.C. §§ 701 *et. seq.*, and all other applicable laws with respect to Plaintiff's education.

115. Plaintiff's claims are barred, in whole or in part, because Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, does not apply extraterritorially.

116. Plaintiff's claims are barred, in whole or in part, because Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. §§ 701 *et. seq.*, does not apply extraterritorially.

117. Plaintiff's claims are barred, in whole or in part, because SMU does not receive federal financial assistance, as required under Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. §§ 701 *et. seq.*

118. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a qualified individual with a disability.

119. Plaintiff's claims are barred, in whole or in part, because SMU did not have the power or authority to remediate the alleged discrimination and/or harassment allegedly experienced by Plaintiff.

120. SMU denies any violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* or Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. §§ 701 *et. seq.*, because SMU complied with all applicable provisions of the ADA and the RA.

121. Plaintiff's claims are barred, in whole or in part, because the conduct about which Plaintiff complains does not violate ADA and/or was not based on Plaintiff's disability.

122. Plaintiff's claims are barred, in whole or in part, because the conduct about which Plaintiff complains does not violate RA and/or was not based on Plaintiff's disability.

123. Plaintiff's claims are barred, in whole or in part, because no contract exists between Plaintiff and SMU.

124. Plaintiff's claims are barred, in whole or in part, because to the extent a contract exists between Plaintiff and SMU (which SMU denies), such contract is unenforceable.

125. Plaintiff's claims are barred, in whole or in part, because to the extent an enforceable contract exists between Plaintiff and SMU (which SMU denies), SMU did not breach such contract.

126. To the extent Plaintiff seeks remedies against SMU beyond those available under the statutes upon which Plaintiff's claims are based, such remedies are improper.

127. SMU denies that Plaintiff has incurred or will incur any recoverable damages.

128. Plaintiff has failed, in whole or in part, to mitigate, or reasonably mitigate, her damages, if any.

129. SMU reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

WHEREFORE, Defendant St. Matthew's University, Inc. prays that upon final trial and hearing hereof, judgment be entered that Plaintiff take nothing by her suit, that all relief prayed for by Plaintiff in this action be denied, that SMU recover all

costs of court incurred herein, including reasonable attorneys' fees, and that SMU be awarded such other and further relief, general and special, legal and equitable, to which it may show itself justly entitled.

Respectfully submitted,

/s/ Sean W. Kilian
Sean W. Kilian, OBA #31117
   skilian@lockelord.com
Kimberly F. Williams, (admitted *pro hac vice*)
   kwilliams@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopier)

and

Jeremy Tubb, OBA#16739
   jeremy.tubb@fullertubb.com
Courtney Warmington, OBA# 18486
   cwarmington@fullertubb.com
Tiffany J. Wythe, OBA #21405
   tiffany.wythe@fullertubb.com
**FULLER TUBB & BICKFORD, PLLC**
201 Robert S. Kerr Avenue, Suite 1000
Oklahoma City, Oklahoma 73102
(405) 235-2575 (Telephone)
(405) 232-8384 (Telecopier)

**ATTORNEYS FOR DEFENDANT
ST. MATTHEW'S UNIVERSITY, INC.**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been sent via ECF electronic service, on this 29th day of March, 2018, to the following counsel of record:

| | |
|---|---|
| R. Jack Freeman<br>jfreeman@grahamfreeman.com | Margaret McMorrow-Love<br>mml@lovelawfirm.legal |
| Jason J. Bach<br>jbach@bachlawfirm.com | John L. Love<br>jjl@lovelawfirm.legal |
| Clinton W. Pratt<br>clint.pratt@okstate.edu | Stephen R. Stephens<br>steve.stephens@okstate.edu |

                                              /s/ Sean W. Kilian