# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| ALEXANDRA GUILLOU,<br><br>               Plaintiff,<br><br>v.<br><br>BOARD OF REGENTS FOR THE OKLAHOMA AGRICULTURAL AND MECHANICAL COLLEGES; STATE OF OKLAHOMA ex rel. OKLAHOMA STATE UNIVERSITY; and ST. MATTHEWS UNIVERSITY,<br><br>               Defendants. | No. CIV-17-988-HE |

## JOINT STATUS REPORT AND DISCOVERY PLAN

Date of Conference: May 4, 2018

Appearing for Plaintiff:

    Jason J. Bach, Esq.
    **THE BACH LAW FIRM, LLC**
    (Admitted *Pro Hac Vice*)
    7881 West Charleston Blvd., Suite 165
    Las Vegas, Nevada 89117
    Telephone: (702) 925-8787
    Facsimile: (702) 925-8788
    Email: jbach@bachlawfirm.com
    and
    **GRAHAM &FREEMAN, PLLC**
    R. Jack Freeman, OBA #3128
    6226 East 101st Street, Suite 300
    Tulsa, Oklahoma 74137-7117
    Telephone: (918) 298-1716
    Facsimile: (918) 298-1728
    Email: jfreeman@grahamfreeman.com
    *Attorneys for Plaintiff Alexandra Guillou*

Appearing for Defendant(s):

    Steve Stephens, OBA #10479
    Clinton W. Pratt, OBA #21329
    General Counsel
    Board of Regents for the Oklahoma
    Agricultural and Mechanical Colleges
    5th Floor, Student Union Building
    Oklahoma State University
    Stillwater, OK 74078-7044
    Telephone: (405) 744-6494
    Facsimile: (405) 744-7998
    *Attorneys for Defendant Board of Regents*
    *For the Oklahoma Agricultural &*
    *Mechanical Colleges and Oklahoma*
    *State University*

    Sean W. Kilian, OBA #31117
    skilian@lockelord.com
    Kimberly F. Williams, (admitted *pro hac vice*)
    kwilliams@lockelord.com
    **LOCKE LORD LLP**
    2200 Ross Avenue, Suite 2800
    Dallas, Texas 75201
    Telephone: (214) 740-8000
    Facsimile: (214) 740-8800
    and
    Courtney Warmington, OBA# 18486
    cwarmington@fullertubb.com
    **FULLER TUBB & BICKFORD, PLLC**
    201 Robert S. Kerr Avenue, Suite 1000
    Oklahoma City, Oklahoma 73102
    Telephone: (405) 235-2575
    Facsimile: (405) 232-8384
    *Attorneys for Defendant St. Matthew's*
    *University, Inc.*

        **Jury Trial Demanded** ☒    **Non-Jury Trial Demanded** ☐

1.     **BRIEF PRELIMINARY STATEMENT**. State <u>briefly</u> and in ordinary language the facts and positions of the parties to inform the judge of the general nature of the case.

**Plaintiff**:

Plaintiff is seeking damages and injunctive relief to remedy the alleged violations of her rights secured by the Americans with Disabilities Act ("ADA") and Section 504 of the Rehabilitation Act ("RA"), and for breach of contract, by the Board of Regents for the Oklahoma Agricultural and Mechanical Colleges (the "BOARD"), State of Oklahoma, ex rel. Oklahoma STATE University ("OSU," and together with the Board, the "OSU DEFENDANTS"), and St. Matthew University ("SMU") in relation to the wrongs she suffered.

Plaintiff alleges she tolerated pervasive discrimination and retaliation after she sought medical accommodations while enrolled at OSU's Center for Veterinary Health Sciences ("CVHS") Year IV clinical program. She alleged endured targeted hostility by OSU administration, including Lucinda Kershaw, Dr. Daniel Burba, Dr. Chris Ross, and Dr. Margi Gilmour, for speaking openly about her status. Plaintiff voiced her complaints about the pervasive hostility both personally and in writing to the Defendants, to no avail. In fact, each time she spoke up, she faced more mistreatment. Accordingly, she is petitioning this Court to redress in the form of injunctive relief, damages, costs and reasonable attorney's fees in relation to the violation of her rights, as well as damages for breach of contract pursuant to Oklahoma common law.

**Defendants**:

**The Board of Regents for the Oklahoma Agricultural and Mechanical Colleges ("Board") and Oklahoma State University ("OSU"):**

Plaintiff was a student of the veterinary program at St. Matthew's University ("SMU") in the Cayman Islands. SMU has an affiliation agreement with OSU which allows SMU students to complete required clinical rotations at OSU. Students under this agreement are at all times students of SMU and, upon successful completion of clinical rotations, receive their degree from SMU.

Plaintiff began clinical rotations at OSU in the fall of 2016 and encountered attendance problems almost immediately. After several absences in the early days of the rotation schedule, Plaintiff requested that she be excused from clinical rotations for a period of three to four weeks due to medical reasons. OSU granted her request for an accommodation.

Plaintiff was scheduled to return to clinical rotations in mid-October of 2016 following her medical leave. Plaintiff did not return to clinical rotations, despite attempts by OSU to schedule a date for Plaintiff to return.

The Board and OSU deny all claims against them set forth by Plaintiff in this lawsuit.

**St. Matthew's University, Inc. ("SMU"):**

Defendant SMU operates a veterinary school in the Cayman Islands. Following the Basic Science portion of SMU's veterinary program, SMU students complete clinical rotations at veterinary schools located in the United States and Canada, including the Oklahoma State University Center for Veterinary Health Sciences ("CVHS"). Regarding Plaintiff's disability discrimination claims under Title III of the Americans with Disabilities Act and the Rehabilitation Act of 1973, SMU denies that such laws are applicable to SMU in this case. Alternatively, SMU denies that it discriminated against Plaintiff, denies that it was deliberately indifferent to alleged discrimination against Plaintiff by third parties, and refers to the additional defenses plead in its Answer to Plaintiff's First Amended Complaint. With respect to Plaintiff's claim that she and SMU are parties to a contract by virtue or her enrollment, SMU denies that such a contract exists, denies that it is enforceable (if it exists), and denies that SMU breached any alleged contract.

2. **JURISDICTION**. State the basis on which the jurisdiction of the court is invoked and any presently known objections.

This Court has jurisdiction over the claims set forth in this action pursuant to 28 U.S.C. § 1331 (federal question) and 28 U.S.C. § 1343 (civil rights), as there exist claims based upon 42 U.S.C. §§ 12101-12213 and 29 U.S.C. § 701, *et seq*.

The Court has jurisdiction over Plaintiff's pendant state law claims pursuant to 28 U.S.C. § 1367(a), as there exist claims arising out of the same transaction and occurrence as her federal claims.

Venue in this jurisdiction is proper pursuant to 28 U.S.C. § 1391(b), as Defendants are located in this District or have significant contacts to this District, and all of the events giving rise to Plaintiff's claims occurred therein.

Defendants do not object as to jurisdiction and/or venue.

3. **STIPULATED FACTS**. List stipulations as to all facts that are not disputed, including jurisdictional facts.

- Jurisdiction in this case is proper.
- Venue in this case is proper.

///

4

4. **CONTENTIONS AND CLAIMS FOR DAMAGES OR OTHER RELIEF SOUGHT**.

    a.    Plaintiff:  Plaintiff's First Amended Complaint seeks claims against Defendant OSU for retaliation and disability discrimination under the Americans With Disabilities Act, 42 U.S.C. §§12203(a) and 12201, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701. Plaintiff's First Amended Complaint seeks claims against Defendant SMU for disability discrimination under the Americans With Disabilities Act, 42 U.S.C. §12201, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. §701, and breach of contract.

Plaintiff seeks general and compensatory damages in an in excess of $75,000, punitive damages in an amount in excess of $75,000, injunctive and declaratory relief necessary to allow Plaintiff to continue with her education, pre-judgment and post-judgment interest, and costs of suit and attorneys' fees pursuant to 42 U.S.C. §1988.

Plaintiff intends to retain an expert witness to compile and calculate her financial damages. Plaintiff will disclose any completed expert witness reports upon receipt and within the deadlines set by this court.

    b.    Defendants (The Board and OSU): Defendants seek the dismissal of all claims and/or causes of action presented by Plaintiff. At this juncture, Defendants do not affirmatively seek damages in this matter. However, Defendants will seek to recover their costs, expenses and attorney fees, as allowable by law. The extent of these costs, fees and expenses are not presently known. In addition, Defendants raise the following affirmative defenses:

1. Plaintiff's Amended Complaint fails to state a claim upon which relief can be granted.

2. Defendants did not violate any clearly established federally protected right of Plaintiff and are entitled to Qualified Immunity.

3. Damages against Defendants are limited by the statutory terms of the Americans with Disabilities Act, 42 U.S.C. §§ 2401, et seq.

4. Plaintiff has not been injured by any action or inaction of Defendants.

5. Defendants have taken no adverse action against Plaintiff.

6. Defendants are entitled to Sovereign Immunity pursuant to the Eleventh Amendment.

7. Plaintiff has wholly failed to comply with the notice provision of Oklahoma's Governmental Tort Claims Act (51 O.S. § 151 et seq.)

      and as such is prohibited from recovery against Defendants on the basis of any state law claim.

8. Plaintiff's claims for monetary relief against Defendants are limited by the "caps" established in Oklahoma's Governmental Tort Claims Act (51 O.S. § 151 et seq.).

9. Plaintiff's claims are barred by one or more of the exemptions specifically listed in 51 O.S. § 154.

10. Plaintiff is specifically prohibited from recovering punitive damages against Defendants pursuant to 51 O.S. § 154(C).

11. Plaintiff cannot recover punitive damages against the Defendants as a matter of public policy.

12. Plaintiff is entitled to recover punitive damages pursuant to the standards set forth in 23 O.S. § 9.1.

13. Defendants deny the nature and extent of Plaintiff's alleged damages.

14. Plaintiff failed to mitigate her damages.

15. Plaintiff's claims for economic damages are wholly speculative and as such not recoverable.

    c. <u>Defendant SMU</u>:  SMU seeks entry of a judgment that Plaintiff take nothing by her suit, that all relief prayed for by Plaintiff in this action be denied, that SMU recover all costs of court incurred herein, including reasonable attorneys' fees, and that SMU be awarded such other and further relief, general and special, legal and equitable, to which it may show itself justly entitled.  In addition, SMU raises the following defenses and affirmative defenses:

1. Each defense and affirmative defense is made without admitting the burden of proof and is stated in the alternative and exists separately from all other defenses or affirmative defenses.

2. Plaintiff, in each alleged cause of action, fails to state a claim upon which relief can be granted.

3. Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

4. SMU took no actions that were contrary to any applicable state or federal law.

5. At all times, SMU made good faith efforts to comply with Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. §§ 701 *et. seq.*, and all other applicable laws with respect to Plaintiff's education.

6. Plaintiff's claims are barred, in whole or in part, because Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.*, does not apply extraterritorially.

7. Plaintiff's claims are barred, in whole or in part, because Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. §§ 701 *et. seq.*, does not apply extraterritorially.

8. Plaintiff's claims are barred, in whole or in part, because SMU does not receive federal financial assistance, as required under Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. §§ 701 *et. seq.*

9. Plaintiff's claims are barred, in whole or in part, because Plaintiff is not a qualified individual with a disability.

10. Plaintiff's claims are barred, in whole or in part, because SMU did not have the power or authority to remediate the alleged discrimination and/or harassment allegedly experienced by Plaintiff.

11. SMU denies any violation of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 *et seq.* or Section 504 of the Rehabilitation Act of 1974, 29 U.S.C. §§ 701 *et. seq.*, because SMU complied with all applicable provisions of the ADA and the RA.

12. Plaintiff's claims are barred, in whole or in part, because the conduct about which Plaintiff complains does not violate ADA and/or was not based on Plaintiff's disability.

13. Plaintiff's claims are barred, in whole or in part, because the conduct about which Plaintiff complains does not violate RA and/or was not based on Plaintiff's disability.

14. Plaintiff's claims are barred, in whole or in part, because no contract exists between Plaintiff and SMU.

15. Plaintiff's claims are barred, in whole or in part, because to the extent a contract exists between Plaintiff and SMU (which SMU denies), such contract is unenforceable.

16. Plaintiff's claims are barred, in whole or in part, because to the extent an enforceable contract exists between Plaintiff and SMU (which SMU denies), SMU did not breach such contract.

17. To the extent Plaintiff seeks remedies against SMU beyond those available under the statutes upon which Plaintiff's claims are based, such remedies are improper.

18. SMU denies that Plaintiff has incurred or will incur any recoverable damages.

19. Plaintiff has failed, in whole or in part, to mitigate, or reasonably mitigate, her damages, if any.

20. SMU reserves the right to plead any additional defenses or affirmative defenses that may be applicable based on evidence revealed during discovery.

5. **APPLICABILITY OF FED. R. CIV. P. 5.1 AND COMPLIANCE**.

Do any of the claims or defenses draw into question the constitutionality of a federal or state statute where notice is required under 28 U.S.C. § 2403 or Fed. R. Civ. P. 5.1?

☐ Yes        ☒ No

6. **MOTIONS PENDING AND/OR ANTICIPATED** (include date of filing, relief requested, and date responsive brief to be filed).

There are no pending motions before the court, however, the Defendants each anticipate filing a Motion for Summary Judgment with accompanying briefs, seeking the dismissal of each of Plaintiff's claims and/or causes of action. Defendants' Motions will be filed prior to the deadline for dispositive motions set forth in the Scheduling Order entered by the Court.

7. **COMPLIANCE WITH RULE 26(a)(1)**. Have the initial disclosures required by Fed. R. Civ. P. 26(a)(1) been made?    ☐Yes ☒No
If "no," by what date will they be made? May 1, 2018

8. **PLAN FOR DISCOVERY**.

A.   The discovery planning conference (Fed. R. Civ. P. 26(f)) was held on April 17, 2018.

  B. The parties anticipate that discovery should be completed within nine (9) months.

  C. In the event ADR is ordered or agreed to, what is the minimum amount of time necessary to complete necessary discovery prior to the ADR session?
The parties anticipate approximately seven (7) months.

  D. Have the parties discussed issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced, pursuant to Fed. R. Civ. P. 26(f)(3)(C)?
☒ Yes  ☐ No

  E. Have the parties discussed issues relating to claims of privilege or of protection as trial-preparation material pursuant to Fed. R. Civ. P. 26(f)(3)(D)?
☒Yes  ☐ No

To the extent the parties have made any agreements pursuant to Fed. R. Civ. P. 26(f)(3)(D) and Fed. R. of Evid. 502(e) regarding a procedure to assert claims of privilege/protection after production and are requesting that the court include such agreement in an order, please set forth the agreement in detail below and submit a proposed order adopting the same.

  F. Identify any other discovery issues which should be addressed at the scheduling conference, including any subjects of discovery, limitations on discovery, protective orders needed, or other elements (Fed. R. Civ. P. 26(f)) which should be included in a particularized discovery plan.

 The parties anticipate moving for a protective order with respect to confidential information, including any educational records protected by the Family Educational Rights and Privacy Act.

9. **ESTIMATED TRIAL TIME**: 3 days

10. **BIFURCATION REQUESTED**: ☐Yes  ☒ No

11. **POSSIBILITY OF SETTLEMENT**: ☐ Good  ☒Fair ☐ Poor

12. **SETTLEMENT AND ADR PROCEDURES**:

  A. Compliance with LCvR16.1(a)(1) - ADR discussion: ☒Yes ☐No

  B. The parties request that this case be referred to the following ADR process:

9

    ☒Court-Ordered Mediation subject to LCvR16.3
    ☐Judicial Settlement Conference
    ☒Other <u>Plaintiff and Defendant SMU request Court-Ordered Mediation.</u>
      <u>Defendant OSU objects to mediation</u>.
    ☐None - the parties do not request ADR at this time.

13. <u>Parties consent to trial by Magistrate Judge</u>? ☐Yes ☒No

14. <u>Type of Scheduling Order Requested</u>. ☒ Standard - ☐ Specialized (If a specialized scheduling order is requested, counsel should include a statement of reasons and proposal.)

Submitted this 25th day of April, 2018.

       /s/ Jason J. Bach
       Jason J. Bach, Esq.
       **THE BACH LAW FIRM, LLC**
       (Admitted *Pro Hac Vice*)
       7881 West Charleston Blvd., Suite 165
       Las Vegas, Nevada 89117
       Telephone: (702) 925-8787
       Facsimile: (702) 925-8788
       Email: jbach@bachlawfirm.com
         and

       **GRAHAM &FREEMAN, PLLC**
       R. Jack Freeman, OBA #3128
       6226 East 101st Street, Suite 300
       Tulsa, Oklahoma 74137-7117
       Telephone: (918) 298-1716
       Facsimile: (918) 298-1728
       Email: jfreeman@grahamfreeman.com

       *Attorneys for Plaintiff Alexandra Guillou*

       */s/ Clint W. Pratt*
       Steve Stephens, OBA #10479
       Clinton W. Pratt, OBA #21329
       Assistant General Counsel
       Board of Regents for the Oklahoma

Case 5:17-cv-00988-HE Document 50 Filed 04/25/18 Page 11 of 11

...

Agricultural and Mechanical Colleges
5th Floor, Student Union Building
Oklahoma State University
Stillwater, OK 74078-7044
(405) 744-6494/Fax: (405) 744-7998
clint.pratt@okstate.edu
*Attorneys for Defendant Board of Regents for the Oklahoma Agricultural and Mechanical Colleges*

*/s/ Sean W. Kilian*
Sean W. Kilian, OBA #31117
skilian@lockelord.com
Kimberly F. Williams, (admitted *pro hac vice*)
kwilliams@lockelord.com
**LOCKE LORD LLP**
2200 Ross Avenue, Suite 2800
Dallas, Texas 75201
(214) 740-8000 (Telephone)
(214) 740-8800 (Telecopier)
and
Jeremy Tubb, OBA#16739
jeremy.tubb@fullertubb.com
Courtney Warmington, OBA# 18486
cwarmington@fullertubb.com
Tiffany J. Wythe, OBA #21405
tiffany.wythe@fullertubb.com
**FULLER TUBB & BICKFORD, PLLC**
201 Robert S. Kerr Avenue, Suite 1000
Oklahoma City, Oklahoma 73102
(405) 235-2575 (Telephone)
(405) 232-8384 (Telecopier)

*Attorneys for Defendant St. Matthew's University, Inc.*

11